UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

## UNITED STATES' MOTION TO DISMISS COHEN'S APA CLAIM

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the

United States requests that the Court dismiss the second claim for relief in Plaintiff Neiland

Cohen's second amended complaint, which seeks review of agency action under the

Administrative Procedure Act.  The Court should dismiss the claim on grounds of lack of

standing, commitment of action to agency discretion, sovereign immunity, and lack of final

agency action.  The United States submits an accompanying memorandum and the declaration of

the undersigned, with exhibits, and a proposed order, in support of this motion.

JEFFREY A. TAYLOR
United States Attorney


 /s/ Gregory E. Van Hoey         
GREGORY E. VAN HOEY
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6391
Facsimile: (202) 514-6770
E-mail: gregory.van.hoey@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

**UNITED STATES' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COHEN'S APA CLAIM**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the

United States requests that the Court dismiss the second claim for relief in Plaintiff Neiland

Cohen's second amended complaint. Plaintiff's original claim for relief, a tax refund claim

under 26 U.S.C. (I.R.C.) § 7422(a) and 28 U.S.C. § 1346(a)(1), is already the subject of a fully-

briefed motion to dismiss.[1] Plaintiff's second claim for relief, a claim for review of agency

action under the Administrative Procedure Act (APA), was added to this suit by Plaintiff's

second amended complaint.[2]

The Court should dismiss Plaintiff's APA claim for the following reasons. First, Plaintiff

lacks standing to assert the claim under both Article III of the Constitution and 5 U.S.C. § 702.

Second, even assuming that the procedure described in IRS Notice 2006-50 is "agency action,"

that action was committed to agency discretion by law under 5 U.S.C. § 701(a)(2). Third, the

---

[1] United States' Request for Dismissal of Plaintiff's Refund Claim for Lack of
Jurisdiction (Doc. No. 45) (*Cohen v. United States*, Case No. 05-C-1237 (E.D. Wis.)). All
document numbers refer to the files of the transferor court, unless otherwise indicated.

[2] Second Amended Complaint for Injunctive, Declaratory, and Monetary Relief, and
Request for Class Certification (2d Am. Compl.) ¶¶ 26-29 (Doc. No. 83).

sovereign immunity waiver in 5 U.S.C. § 702 does not apply to the class-action tax-refund

remedy sought by Plaintiff, and therefore the Court lacks jurisdiction to grant that relief.  Finally,

Plaintiff has failed to state a proper APA claim because Notice 2006-50 is not a final agency

action for which there is no other adequate remedy.

### Statement of Facts

### I.  The Notice Procedure

In May 2006, the IRS released Notice 2006-50 to announce that the Service would cease

litigating the issue of the applicability of the federal communications excise tax (I.R.C. § 4251)

to long-distance telephone service and cease collecting the tax on such service.[3]  The Notice also

provided guidance to taxpayers on a method for requesting a credit or refund of taxes paid on

services billed after February 28, 2003, and before August 1, 2006 (the "relevant period").[4]  This

guidance consisted of offering taxpayers an alternative procedure (the "Notice procedure") by

which to request telephone-excise-tax (TET) refunds for the relevant period.

To comply with the provisions of the Internal Revenue Code and Treasury Regulations

governing administrative tax-refund claims, taxpayers must file such claims with the IRS,[5] on

---

[3] IRS Notice 2006-50, 2006-25 I.R.B. 1141, 2006 WL 1452787, §§ 1, 2(e), 4 (May 26, 2006).

[4] *Id.* §§ 1(b), 4(a).

[5] *See* I.R.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); *see also* 26 C.F.R. (Treas. Reg.) § 301.6402-2(a)(1).

IRS forms,[6] and with sufficient descriptions of the bases for the claims.[7]  Moreover, given that taxpayers are requesting the allowance of their administrative claims, and because they bear the burden of persuasion regarding the existence and amount of overpayments in subsequent tax refund suits if their claims are disallowed,[8] taxpayers must retain and submit documentation sufficient to substantiate their overpayment claims.[9]

In Notice 2006-50 the IRS stated that "[t]he Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this notice."[10]  To use the Notice procedure, taxpayers generally must request their TET refunds on their 2006 federal income tax returns,[11] with the exception that individual taxpayers who are not otherwise required to file such returns may instead file the new IRS Form 1040EZ-T to request refunds.[12]  Furthermore, under the Notice procedure, taxpayers may request a full refund of the actual amount of excise tax they paid, as long as they retain certain records to

---

[6] *See* Treas. Reg. §§ 301.6402-2(c), 301.6402-3.

[7] *See* Treas. Reg. § 301.6402-2(b)(1) ("The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.  The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.  A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit.").

[8] *United States v. Janis*, 428 U.S. 433, 440 (1976); *Flora v. United States*, 362 U.S. 145, 198 (1960).

[9] *See* Treas. Reg. § 301.6402-2(a)(2) (requiring submission of "appropriate supporting evidence" with claim).

[10] Notice 2006-50, § 5(a)(1).

[11] *Id.* § 5(a)(2)-(3); 2006 IRS Form 1040 (Line 71) (Van Hoey Decl., Ex. A).

[12] Notice 2006-50, § 5(d)(1); 2006 IRS Form 1040EZ-T (Van Hoey Decl., Ex. B).

3

substantiate the amount of their requests.[13]  The IRS also provided individual taxpayers with the

option of claiming a "safe harbor" amount for which they would not need to retain any

supporting records.[14]  The safe harbor (or "standard") amounts, which were separately

announced by the IRS after the release of Notice 2006-50, are based on the number of personal

exemptions claimed on the taxpayer's federal income tax return and range from $30 to $60.[15]

## II.  Plaintiff's APA Claim

On December 14, 2006, pursuant to a court-approved stipulation, Plaintiff filed a second

amended complaint that incorporated a new claim under the Administrative Procedure Act.[16]  In

addition to his excise tax refund claim,[17] Plaintiff now seeks judicial review of the Notice

procedure under 5 U.S.C. § 702.[18]  Specifically, Plaintiff alleges that the Notice procedure

arbitrarily, unreasonably, and unlawfully limits TET refunds by:  (1) using too short of a refund

period; (2) requiring refund requests to be made on federal income tax returns; (3) using standard

amounts that "fall materially below the likely entitlement of most potential claimants;" (4)

conditioning non-standard-amount claims on taxpayers' ability to produce supporting

documentation; (5) requiring withdrawal of prior refund requests; and (6) "disregard[ing]

approaches [for refunding telephone excise taxes] that would increase the degree of reparation

---

[13] Notice 2006-50, § 5(a)(3), 5(c)(1)(ii); 2006 IRS Form 8913 (Van Hoey Decl., Ex. C).

[14] Notice 2006-50, § 5(c)(1)(i).

[15] IR-2006-137, 2006 WL 2507306 (Aug. 31, 2006); IRS Notice 2007-11, 2007-5 I.R.B. 405, 2006 WL 3803129, § 3 (Dec. 28, 2006).

[16] 2d Am. Compl. ¶¶ 26-29; *see also* Stipulation (Doc. No. 74); Order (Doc. No. 82).

[17] 2d Am. Compl. ¶¶ 22-25.

[18] *Id.* ¶ 26.

achieved without creating any risk of global overpayment."[19]

## Argument

### I. Plaintiff lacks standing to assert his APA claim.

The Court should dismiss Plaintiff's APA claim under Fed. R. Civ. P. 12(b)(1) for lack of standing. In order to establish standing under Article III of the Constitution, a plaintiff must prove that (1) he has actually suffered, or will imminently suffer, a concrete and particularized injury-in-fact, (2) caused by the defendant's challenged conduct, and (3) likely redressable by a judicial decision.[20] In addition, for an APA claim to satisfy that Act's prudential standing requirement, a plaintiff must show that he is "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."[21] In other words, "the plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him*) falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis for his complaint."[22]

### A. Plaintiff has failed to allege sufficient facts to demonstrate standing.

Here, Plaintiff has failed to allege sufficient facts to support either Article III or APA standing. The government conduct challenged by Plaintiff is the Notice procedure. Even assuming that this conduct is "agency action," Plaintiff must still allege and prove how the Notice procedure has harmed him.

---

[19] *Id.* ¶ 27.

[20] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

[21] 5 U.S.C. § 702.

[22] *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883 (1990) (citing *Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 396-97 (1987)) (emphasis in original).

However, Plaintiff fails to allege *that he has even used the Notice procedure*, or has attempted to do so, or will soon do so.  If Plaintiff does not use the Notice procedure, it is utterly implausible that its alleged deficiencies could somehow injure him.  For example, allegedly insufficient safe harbor amounts cannot injure Plaintiff if he does not use the safe harbor provided in the Notice procedure.  Nor can Plaintiff be harmed by the requirement that Notice-procedure requests be made on 2006 federal income tax returns if Plaintiff does not use the Notice procedure and therefore need not file a return unless otherwise required to do so by law.  Nor, finally, can Plaintiff be injured by the length of the Notice procedure's relevant period if Plaintiff does not request a refund using the procedure.

*Brooks v. Snow* is instructive in this regard.[23]  In that case, the plaintiffs challenged the constitutionality of a Treasury Regulation for its failure to authorize the IRS to compromise (i.e., settle) penalty or interest assessments against taxpayers on the basis that such assessments were caused by government delays in determining the underlying tax liabilities.[24]  The court granted the United States' motion to dismiss for lack of subject matter jurisdiction because the plaintiffs lacked standing under both Article III and the APA, and therefore 5 U.S.C. § 702 did not waive sovereign immunity.[25]  Specifically, the court found that the plaintiffs lacked standing under the APA because they had failed to allege that they submitted any offers to compromise their interest assessments to the IRS.  Because "they never applied under the regulation to obtain the ultimate relief they seek," the plaintiffs had not "shown themselves to be aggrieved by any final agency

---

[23] 313 F. Supp. 2d 654 (S.D. Tex. 2004).

[24] *Id.* at 657.

[25] *Id.* at 660.

6

action either in the implementation of the regulation or in having any offers-in-compromise denied."[26]  Moreover, because the plaintiffs' claimed injury was essentially based on the Secretary of the Treasury not having written the regulation as the plaintiffs believed it should have been written, they also failed to demonstrate Article III standing.[27]

Having similarly failed to allege any request for a TET refund using the Notice procedure, Plaintiff similarly lacks standing to challenge that procedure.  Plaintiff's conclusory allegations that he is adversely affected or aggrieved by the Notice procedure,[28] and that deficiencies in the Notice procedure will result in his not receiving a full remedy,[29] are too speculative and illusory to support either Article III or APA standing to challenge the procedure in the absence of an allegation that he has in fact availed himself of the procedure.  Therefore, the Court should dismiss Plaintiff's APA claim for lack of subject matter jurisdiction.

> B.  Plaintiff lacks standing even if he uses the Notice procedure.

Furthermore, even if Plaintiff does use the Notice procedure, he would still lack standing to challenge the procedure because he would not be injured by it.  As explained above, federal tax law requires taxpayers seeking refunds to file claims with the IRS, on IRS forms, with sufficient claim descriptions, and with sufficient substantiating documents.  Notice 2006-50 does not alter any of these legal requirements in any way that could aggrieve a taxpayer under Article III or the APA.

---

[26] *Id.* at 659.

[27] *Id.* at 660.

[28] 2d Am. Compl. ¶ 26.

[29] *Id.* ¶ 29.

Notice 2006-50, like other IRS notices, does not carry the force of law.[30]  It is simply an offer to taxpayers of an alternate means of obtaining TET refunds.  It restricts neither taxpayer rights nor remedies under existing law.

For example, the requirement that taxpayers withdraw prior refund requests made to telecommunications carriers or the IRS before using the Notice procedure or the safe harbor does no harm to taxpayers because they have no right to double recovery under existing law.[31]  Similarly, if a taxpayer chooses not to use the Notice procedure, or uses it improperly, the IRS will not process the taxpayer's request.  But this does not deprive taxpayers of a legal remedy.  The IRS has no statutory duty to process any refund claims under existing law.  Nevertheless, Congress has provided the legal remedy of a refund suit to any taxpayer who files a refund claim with the IRS and waits six months without the IRS rendering a decision on the claim.[32]  The Notice procedure does not deprive taxpayers of this remedy.

Inevitably, then, Plaintiff is actually asking the Court not to review the Notice procedure per se but rather to dispense with the longstanding legal framework governing claims for refunds of federal taxes.  In lieu of that venerable framework – which has been repeatedly sanctioned by both Congress and the courts – Plaintiff apparently would prefer that this Court impose a private tax-refund-claim administration system, with terms and conditions more to Plaintiff's liking, that

---

[30] *Tax Analysts v. IRS*, 416 F. Supp. 2d 119, 126 (D.D.C. 2006).

[31] Notice 2007-11, § 3(a); Notice 2006-50, § 5(a)(3).

[32] *See* I.R.C. § 6532(a)(1) ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.").

would be managed by class counsel and overseen by the Court.[33]  But there is no need or warrant for such a drastic step, in part because Plaintiff has suffered no injury or aggrievement from either the Notice procedure or the existing legal framework governing tax refund claims.

## II.  Even assuming that the Notice procedure is agency action, it is nevertheless committed to agency discretion by law.

Section 701(a)(2) of the APA states that "[t]his chapter applies, according to the provisions thereof, except to the extent that . . . agency action is committed to agency discretion by law."  Section 702 is included in the referenced chapter, so its sovereign immunity waiver does not apply – and jurisdiction is therefore lacking – if the § 701(a)(2) exception applies.[34] Therefore, because the Notice procedure, assuming it is an agency action, is one committed to agency discretion by law, the Court should dismiss Plaintiff's APA claim for lack of subject matter jurisdiction.

The agency discretion exception applies "in those rare instances where statutes are drawn in such broad terms that in a given case there is no law to apply," or where a "statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion."[35]  In assessing whether the exception applies, courts consider "both the nature of the

---

[33] 2d Am. Compl. at 13 (Plaintiff requests "[a]n order establishing a class remedy that, with appropriate safeguards against fraudulent claims and individual or global overpayment, will maximize restitution of funds improperly exacted from phone users to those from whom that money was wrongly taken and will include, without limitation, provision for making claims without submission of tax returns").

[34] *Lunney v. United States*, 319 F.3d 550, 551, 554, 558, 560 (2d Cir. 2003); *see Steenholdt v. FAA*, 314 F.3d 633, 634, 638 (D.C. Cir. 2003) (§ 701(a)(2) exception is jurisdictional).

[35] *Sec'y of Labor v. Twentymile Coal Co.*, 456 F.3d 151, 156 (D.C. Cir. 2006) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *Citizens to Preserve Overton Park, Inc. v. Volpe*,
(continued...)

administrative action at issue and the language and structure of the statute that supplies the applicable legal standards for reviewing that action."[36]  However, the APA standards of review found in 5 U.S.C. § 706 cannot provide the applicable legal standards for this purpose, because otherwise the agency discretion exception would never apply.[37]  Rather, the applicable standard must come from the statute, regulation, or policy statement governing the agency action.[38]

In this case, there is no law that cabins the IRS's discretion to offer to make tax refunds or to determine the terms of that offer.  Therefore, there is no meaningful standard by which a court could review the exercise of that discretion.  To be sure, there is a statutory framework that contemplates the existence of, and a legal role for, administrative tax-refund claims, and the Treasury Department has promulgated regulations regarding such claims.  But these statutes and regulations are silent on the relevant issue in that they do not provide a legal standard that restricts, or would permit judicial review of, the IRS's discretion to offer tax refunds on certain terms and conditions.[39]

---

[35](...continued)
401 U.S. 402, 410 (1971)).

[36] *Twentymile Coal*, 456 F.3d at 151 (quoting *Drake v. FAA*, 291 F.3d 59, 70 (D.C. Cir. 2002)).

[37] *See Lunney*, 319 F.3d at 559 n.5 (rejecting use of the "arbitrary and capricious" standard in § 706 on this basis); *Steenholdt*, 314 F.3d at 639 (rejecting use of the "substantial evidence" standard in § 706 on this basis).

[38] *Steenholdt*, 314 F.3d at 638.

[39] *See Lincoln v. Vigil*, 508 U.S. 182, 193-94 (1993) (discontinuance of Indian children's health program was committed to agency discretion where program was funded by lump-sum appropriations acts that did not even mention program); *Twentymile Coal*, 456 F.3d at 157-58 (Secretary of Labor's enforcement decision regarding whom to charge with violations was committed to agency discretion because statute was silent on the matter).

Specifically, by enacting 28 U.S.C. § 1346(a)(1), Congress waived the United States'

sovereign immunity from tax-refund suits.[40]  However, as the Supreme Court held in *United*

*States v. Dalm*, this jurisdictional grant "must be read in conformity with other statutory

provisions" that require plaintiffs to satisfy additional conditions in order to maintain refund

suits.[41]  One of these provisions is I.R.C. § 7422(a), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any
> internal revenue tax alleged to have been erroneously or illegally assessed or
> collected, or of any penalty claimed to have been collected without authority, or
> of any sum alleged to have been excessive or in any manner wrongfully collected,
> until a claim for refund or credit has been duly filed with the Secretary, according
> to the provisions of law in that regard, and the regulations of the Secretary
> established in pursuance thereof.

Section 7422 thus contemplates the existence of administrative refund claims, given that their

filing is a jurisdictional predicate for refund suits.  The statute also recognizes the existence of

other statutes governing refund claims ("provisions of law in that regard"), which include I.R.C.

§§ 6402,[42] 6511,[43] and 6532.[44]  These statutes require the IRS to refund overpayments, require

---

[40] *United States v. Williams*, 514 U.S. 527, 531 (1995).  Section 1346(a)(1) states: "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws."

[41] 494 U.S. 596, 601 (1990).

[42] Section 6402(a) states: "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d), and (e) refund any balance to such person."

[43] Section 6511(a) states: "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed
(continued...)

11

taxpayers to file refund claims within certain time periods, and allow (but do not require) the IRS

to render decisions on refund claims and issue notices disallowing them.  But they provide no

judicially manageable standards for determining whether the IRS has abused its discretion in

deciding the manner in which administrative refund claims are to be submitted, considered, and

resolved, or the manner in which the IRS may offer to make a refund.[45]  The statutory language

and structure therefore commit these matters to agency discretion.

Section 7422 also recognizes the authority of the Treasury Department to promulgate

regulations to administer the statutes relating to refund claims, and the Department has done so

pursuant to its general rulemaking authority.[46]  For example, there are Treasury Regulations

---

[43](...continued)
by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax
was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer,
within 2 years from the time the tax was paid.  Claim for credit or refund of an overpayment of
any tax imposed by this title which is required to be paid by means of a stamp shall be filed by
the taxpayer within 3 years from the time the tax was paid."

[44] Section 6532(a)(1) states: "No suit or proceeding under section 7422(a) for the
recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration
of 6 months from the date of filing the claim required under such section unless the Secretary
renders a decision thereon within that time, nor after the expiration of 2 years from the date of
mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the
disallowance of the part of the claim to which the suit or proceeding relates."

[45] Regarding § 7422, compare *Legal Assistance for Vietnamese Asylum Seekers v. Dep't
of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997) (statute requiring that alien immigrant visa
applications be made "in such form and manner and at such place as shall be by regulations
prescribed" suggested commitment of decision to agency discretion because no substantive
standards by which to judge decision were provided in statute).

[46] *See* I.R.C. § 7805(a) ("Except where such authority is expressly given by this title to
any person other than an officer or employee of the Treasury Department, the Secretary shall
prescribe all needful rules and regulations for the enforcement of this title, including all rules and
regulations that may be necessary by reason of any alteration of law in relation to internal
revenue.").

governing the form and substance of administrative tax-refund claims.[47]  But, like the statutes, these regulations do not provide any meaningful standards for judging the IRS's exercise of discretion in offering to make a tax refund.

Finally, the nature of the Notice procedure also supports the conclusion that its issuance and terms were committed to agency discretion.  The Notice procedure is an offer of an alternative process for obtaining TET refunds.  The IRS was under no legal obligation to make any such offer.  Thus, the decision to offer the Notice procedure and to determine its terms and conditions were wholly within the discretion of the IRS.  There is simply no law that a court could apply to determine whether the IRS abused its discretion by making the offer or, for example, by requiring the filing of an income tax return or Form 1040EZ-T to use the Notice procedure, instead of some other form or method.  Thus, because the Notice procedure was committed to agency discretion by law, the Court should dismiss Plaintiff's APA claim pursuant to Fed. R. Civ. P. 12(b)(1).

**III.  The sovereign immunity waiver in 5 U.S.C. § 702 does not apply to the principal relief sought by Plaintiff, and the relief is therefore barred.**

Plaintiff principally seeks to establish a class-action TET refund procedure, that would operate on his terms and conditions, and that would pay out tax refunds to himself and other members of his proposed class.[48]  Plaintiff originally sought this relief through his class-action

---

[47] *See* Treas. Reg. §§ 301.6402-1 to -7.

[48] 2d Am. Compl. at 13 (Plaintiff requests "[a]n order establishing a class remedy that, with appropriate safeguards against fraudulent claims and individual or global overpayment, will maximize restitution of funds improperly exacted from phone users to those from whom that money was wrongly taken and will include, without limitation, provision for making claims without submission of tax returns").

refund claim, but when the jurisdictional problems with that approach became all too apparent during class-certification briefing, Plaintiff switched gears and attempted to obtain this relief through an APA claim and the sovereign immunity waiver found in 5 U.S.C. § 702.[49] Unfortunately for Plaintiff, § 702 does not permit evasion of existing statutory structures like the tax refund litigation system. The relief is therefore barred by sovereign immunity and provides yet another basis upon which the Court could dismiss Plaintiff's APA claim pursuant to Fed. R. Civ. P. 12(b)(1).

Congress created exceptions to the sovereign immunity waiver in § 702 by stating there that "[n]othing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."[50] Thus, to the extent that Plaintiff and the proposed class seek "review" of the Notice procedure by requesting tax refunds for which they did not file administrative refund claims, the APA does not waive sovereign immunity and allow such a class-wide remedy because the relief is expressly prohibited by I.R.C. § 7422(a). Moreover, if, as we have argued,[51] the Court lacks jurisdiction over Plaintiff's individual refund claim because of his failure to comply with I.R.C. § 6532(a)(1), then neither does § 702 permit Plaintiff to obtain a tax refund through the guise of an APA claim seeking "review" of the Notice procedure,

---

[49] *See* Reply Brief in Support of Plaintiff's Motion for Class Certification (Doc. No. 56) at 9-12; United States' Sur Reply Brief in Opposition to Plaintiff's Motion for Class Certification (Doc. No. 62) at 7-9.

[50] *See Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005).

[51] United States' Request for Dismissal of Plaintiff's Refund Claim for Lack of Jurisdiction (Doc. No. 45) at 4-5.

because that relief is prohibited by § 7422(a) via its incorporation of § 6532(a)(1).

**IV. Plaintiff has failed to state an APA claim because the Notice procedure is not a final agency action for which there is no other adequate remedy.**

In the alternative, the Court could dismiss Plaintiff's APA claim pursuant to Fed. R. Civ. P. 12(b)(6). In a proper APA claim, only "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."[52] Plaintiff does not allege that the Notice procedure is an agency action made reviewable by a specific statute. He does allege that the procedure is final agency action, but does not allege that it is an action for which there is no other adequate remedy.[53]

Of course, to the extent that the "class remedy" Plaintiff ultimately seeks is a tax refund, an adequate remedy already exists under the time-honored, tax-refund-suit procedure.[54] Furthermore, the Notice procedure is not a final agency action, and Plaintiff's allegation to the contrary is deficient. In *Bennett v. Spear*, the Supreme Court decided that an agency action is final if it satisfies two conditions.[55] First, it must "mark the 'consummation' of the agency's decisionmaking process," rather than being tentative or interlocutory.[56] Second, "the action must be one by which 'rights or obligations have been determined,' or from which 'legal

---

[52] 5 U.S.C. § 704.

[53] 2d Am. Compl. ¶ 28.

[54] *See South Carolina v. Regan*, 465 U.S. 367, 374-76 (1984) (interpreting past cases as viewing the availability of refund suits as an adequate legal remedy); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746 (1974) (finding that refund suits provide a "full, albeit delayed, opportunity to litigate" tax issues).

[55] 520 U.S. 154, 177-78 (1997).

[56] *Id.*

consequences will flow.'"[57]

Plaintiff's allegations regarding final agency action deal only with the first condition, so even if they are assumed to be true, he has nevertheless failed to allege a proper APA claim.[58] Moreover, Plaintiff cannot, under any set of facts, establish the second condition for final agency action given the nature of the Notice procedure. As discussed above, the Notice procedure does not change the federal tax law regime governing refund claims and refund suits.[59] The procedure merely offers to taxpayers, on a temporary basis, a relatively simple process by which to obtain a refund for a particular type of tax. Taxpayers are under no obligation to use the Notice procedure, and the procedure does not affect their existing rights to obtain legal relief. Thus, the absence of final agency action is yet another ground for dismissal of Plaintiff's APA claim.

JEFFREY A. TAYLOR
United States Attorney


 /s/ Gregory E. Van Hoey
GREGORY E. VAN HOEY
Maryland Bar
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 307-6391
Facsimile: (202) 514-6770
E-mail: gregory.van.hoey@usdoj.gov

---

[57] *Id.* at 178.

[58] 2d Am. Compl. ¶ 28.

[59] *See Bennett*, 520 U.S. at 178 (action was final because it "alter[ed] the legal regime to which the action agency is subject").

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2007, I electronically filed the United States'

Motion to Dismiss Cohen's APA Claim, a memorandum in support of that motion, a declaration

of Gregory E. Van Hoey dated February 15, 2007, exhibits attached to that declaration, and a

proposed order, with the Clerk of Court to be served by operation of the Court's electronic filing

system upon the following:

| | |
|---|---|
| Sidney A. Backstrom<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 | Steven N. Berk<br>Cuneo Gilbert & LaDuca, LLP<br>507 C Street NE<br>Washington, DC 20002 |
| Michael A. Bowen<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 | Nicholas E. Chimicles<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| Jonathan Watson Cuneo<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert J. Cynkar<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 |

| Ivan C. Dale<br>U.S. Department of Justice, Tax Division<br>P.O. Box 227<br>Washington, DC 20044 | Benjamin F. Johns<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| --- | --- |
| Charles J. LaDuca<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert G. Smith<br>Lewis Brisbois Bisgaard & Smith LLP<br>550 West C Street, Suite 800<br>San Diego, CA 92101 |

I further certify that on that same date I served the foregoing documents on the following by United States mail, postage prepaid:

| Daniel Paul Collins<br>Daniel L. Geyser<br>Burton A. Gross<br>Joseph D. Lee<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 | Richard Henry Dolan<br>Schlam Stone & Dolan LLP<br>26 Broadway<br>New York, NY 10004 |
| --- | --- |
| John P. Frantz<br>One Verizon Way<br>VC54N067<br>Basking Ridge, NJ 07920 | Michael D. Leffel<br>Foley & Lardner LLP<br>150 East Gilman Street<br>Madison, WI 53703 |
| Alejandro Mayorkas<br>Sandra Sepulveda<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles CA 90071 | Christopher R. Neufeld<br>Kelechi O. Onyeobia<br>Law Offices of Kelechi O. Onyeobia, P.C.<br>1218 Walton Avenue, Suite 108<br>Bronx, NY 10452 |
| Kevin T. Peters<br>Christopher Weld, Jr.<br>Tony & Weld LLP<br>28 State Street<br>Boston, MA 02109 | Richard F. Scruggs<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 |

| P. Scott Wolleson | |
| The Boles Law Firm | |
| P.O. Box 2065 | |
| Monroe, LA 71207 | |

 /s/ Gregory E. Van Hoey

GREGORY E. VAN HOEY

Maryland Bar

Trial Attorney, Tax Division

U.S. Department of Justice

Post Office Box 7238

Ben Franklin Station

Washington, DC 20044

Telephone: (202) 307-6391

Facsimile: (202) 514-6770

E-mail: gregory.van.hoey@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

## DECLARATION OF GREGORY E. VAN HOEY

Pursuant to 28 U.S.C. § 1746, I, Gregory E. Van Hoey, declare as follows:

1.  I am a trial attorney for the U.S. Department of Justice, Tax Division, and have been assigned to represent the United States in the above-captioned case.

2.  I have personal knowledge of the matters set forth in this declaration.

3.  Attached to this declaration as Exhibit A is a blank copy of the 2006 IRS Form 1040, including an excerpt from the instructions.

4.  Attached to this declaration as Exhibit B is a blank copy of the 2006 IRS Form 1040EZ-T, including instructions.

5.  Attached to this declaration as Exhibit C is a blank copy of the 2006 IRS Form 8913, including instructions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 15, 2007.

/s/ Gregory E. Van Hoey
Gregory E. Van Hoey

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

# Declaration of Gregory E. Van Hoey
# February 15, 2007

# Exhibit A

Form **1040**

Department of the Treasury—Internal Revenue Service
**U.S. Individual Income Tax Return** **2006** (99) IRS Use Only—Do not write or staple in this space.

For the year Jan. 1–Dec. 31, 2006, or other tax year beginning , 2006, ending , 20 | OMB No. 1545-0074

## Label

(See instructions on page 16.)

**Use the IRS label.** Otherwise, please print or type.

L A B E L   H E R E

Your first name and initial | Last name | Your social security number

If a joint return, spouse's first name and initial | Last name | Spouse's social security number

Home address (number and street). If you have a P.O. box, see page 16. | Apt. no.

▲ You **must** enter your SSN(s) above. ▲

City, town or post office, state, and ZIP code. If you have a foreign address, see page 16.

Checking a box below will not change your tax or refund.

**Presidential Election Campaign** ▶ Check here if you, or your spouse if filing jointly, want $3 to go to this fund (see page 16) ▶ ☐ **You** ☐ **Spouse**

## Filing Status

Check only one box.

1 ☐ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above and full name here. ▶
4 ☐ Head of household (with qualifying person). (See page 17.) If the qualifying person is a child but not your dependent, enter this child's name here. ▶
5 ☐ Qualifying widow(er) with dependent child (see page 17)

## Exemptions

6a ☐ **Yourself.** If someone can claim you as a dependent, **do not** check box 6a
b ☐ **Spouse**

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see page 19) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than four dependents, see page 19.

d Total number of exemptions claimed

Boxes checked on 6a and 6b
No. of children on 6c who:
• lived with you
• did not live with you due to divorce or separation (see page 20)
Dependents on 6c not entered above
Add numbers on lines above ▶

## Income

**Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.**

If you did not get a W-2, see page 23.

Enclose, but do not attach, any payment. Also, please use **Form 1040-V.**

7 Wages, salaries, tips, etc. Attach Form(s) W-2 | 7
8a **Taxable** interest. Attach Schedule B if required | 8a
b **Tax-exempt** interest. **Do not** include on line 8a | 8b
9a Ordinary dividends. Attach Schedule B if required | 9a
b Qualified dividends (see page 23) | 9b
10 Taxable refunds, credits, or offsets of state and local income taxes (see page 24) | 10
11 Alimony received | 11
12 Business income or (loss). Attach Schedule C or C-EZ | 12
13 Capital gain or (loss). Attach Schedule D if required. If not required, check here ▶ ☐ | 13
14 Other gains or (losses). Attach Form 4797 | 14
15a IRA distributions | 15a | b Taxable amount (see page 25) | 15b
16a Pensions and annuities | 16a | b Taxable amount (see page 26) | 16b
17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17
18 Farm income or (loss). Attach Schedule F | 18
19 Unemployment compensation | 19
20a Social security benefits | 20a | b Taxable amount (see page 27) | 20b
21 Other income. List type and amount (see page 29) | 21
22 Add the amounts in the far right column for lines 7 through 21. This is your **total income** ▶ | 22

## Adjusted Gross Income

23 Archer MSA deduction. Attach Form 8853 | 23
24 Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24
25 Health savings account deduction. Attach Form 8889 | 25
26 Moving expenses. Attach Form 3903 | 26
27 One-half of self-employment tax. Attach Schedule SE | 27
28 Self-employed SEP, SIMPLE, and qualified plans | 28
29 Self-employed health insurance deduction (see page 29) | 29
30 Penalty on early withdrawal of savings | 30
31a Alimony paid   b Recipient's SSN ▶ | 31a
32 IRA deduction (see page 31) | 32
33 Student loan interest deduction (see page 33) | 33
34 Jury duty pay you gave to your employer | 34
35 Domestic production activities deduction. Attach Form 8903 | 35
36 Add lines 23 through 31a and 32 through 35 | 36
37 Subtract line 36 from line 22. This is your **adjusted gross income** ▶ | 37

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see page 80. | Cat. No. 11320B | Form **1040** (2006)

Form 1040 (2006)                                                                                     Page **2**

| | | | |
|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) . . . . . . . . . | **38** |

**Standard Deduction for—**

- People who checked any box on line 39a or 39b **or** who can be claimed as a dependent, see page 34.
- All others:

Single or Married filing separately, $5,150

Married filing jointly or Qualifying widow(er), $10,300

Head of household, $7,550

**39a** Check if: ☐ **You** were born before January 2, 1942, ☐ Blind. **Total boxes**
☐ **Spouse** was born before January 2, 1942, ☐ Blind. checked ▶ **39a**

**b** If your spouse itemizes on a separate return or you were a dual-status alien, see page 34 and check here ▶☐**39b**

**40** Itemized deductions (from Schedule A) **or** your **standard deduction** (see left margin) . . **40**

**41** Subtract line 40 from line 38 . . . . . . . . . . . . . . . **41**

**42** If line 38 is over $112,875, or you provided housing to a person displaced by Hurricane Katrina, see page 36. Otherwise, multiply $3,300 by the total number of exemptions claimed on line 6d **42**

**43** **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- . **43**

**44** **Tax** (see page 36). Check if any tax is from: **a** ☐ Form(s) 8814 **b** ☐ Form 4972 . **44**

**45** **Alternative minimum tax** (see page 39). Attach Form 6251 . . . . . . . **45**

**46** Add lines 44 and 45 . . . . . . . . . . . . . . . . . ▶ **46**

**47** Foreign tax credit. Attach Form 1116 if required . . . . **47**

**48** Credit for child and dependent care expenses. Attach Form 2441 **48**

**49** Credit for the elderly or the disabled. Attach Schedule R . **49**

**50** Education credits. Attach Form 8863 . . . . . . . **50**

**51** Retirement savings contributions credit. Attach Form 8880 . **51**

**52** Residential energy credits. Attach Form 5695 . . . . **52**

**53** Child tax credit (see page 42). Attach Form 8901 if required **53**

**54** Credits from: **a** ☐ Form 8396 **b** ☐ Form 8839 **c** ☐ Form 8859 **54**

**55** Other credits: **a** ☐ Form 3800 **b** ☐ Form 8801 **c** ☐ Form **55**

**56** Add lines 47 through 55. These are your **total credits** . . . . . . . **56**

**57** Subtract line 56 from line 46. If line 56 is more than line 46, enter -0- . . . ▶ **57**

**Other Taxes**

**58** Self-employment tax. Attach Schedule SE . . . . . . . . . . **58**

**59** Social security and Medicare tax on tip income not reported to employer. Attach Form 4137 **59**

**60** Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required . **60**

**61** Advance earned income credit payments from Form(s) W-2, box 9 . . . . . **61**

**62** Household employment taxes. Attach Schedule H . . . . . . . . . **62**

**63** Add lines 57 through 62. This is your **total tax** . . . . . . . . . ▶ **63**

**Payments**

*If you have a qualifying child, attach Schedule EIC.*

**64** Federal income tax withheld from Forms W-2 and 1099 . **64**

**65** 2006 estimated tax payments and amount applied from 2005 return **65**

**66a** **Earned income credit (EIC)** . . . . . . . . . **66a**

**b** Nontaxable combat pay election ▶ **66b**

**67** Excess social security and tier 1 RRTA tax withheld (see page 60) **67**

**68** Additional child tax credit. Attach Form 8812 . . . . **68**

**69** Amount paid with request for extension to file (see page 60) **69**

**70** Payments from: **a** ☐ Form 2439 **b** ☐ Form 4136 **c** ☐ Form 8885 **70**

**71** Credit for federal telephone excise tax paid. Attach Form 8913 if required **71**

**72** Add lines 64, 65, 66a, and 67 through 71. These are your **total payments** . . . ▶ **72**

**Refund**

Direct deposit? See page 61 and fill in 74b, 74c, and 74d, or Form 8888.

**73** If line 72 is more than line 63, subtract line 63 from line 72. This is the amount you **overpaid** **73**

**74a** Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ▶☐ **74a**

**b** Routing number |_|_|_|_|_|_|_|_|_|  ▶ **c** Type: ☐ Checking ☐ Savings

**d** Account number |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

**75** Amount of line 73 you want **applied to your 2007 estimated tax** ▶ **75**

**Amount You Owe**

**76** **Amount you owe.** Subtract line 72 from line 63. For details on how to pay, see page 62 ▶ **76**

**77** Estimated tax penalty (see page 62) . . . . . . . **77**

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see page 63)? ☐ **Yes.** Complete the following. ☐ **No**

Designee's name ▶  Phone no. ▶ (   )  Personal identification number (PIN) ▶ |_|_|_|_|_|

**Sign Here**

Joint return? See page 17.

Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Your signature | Date | Your occupation | Daytime phone number

Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation

**Paid Preparer's Use Only**

Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN

Firm's name (or yours if self-employed), address, and ZIP code ▶ | EIN | Phone no. (   )

Form **1040** (2006)



Department of the Treasury
**Internal Revenue Service**

www.irs.gov

# 2006 1040

## Instructions



You surf the web, email your friends, book travel, and bank online. Why not file your tax return the same way.

Explore "Free File" and other electronic *e-file* options.

With **IRS** *e-file* Consider Your Taxes Done

For details, see page 3 or go to *www.irs.gov.*

### Credit for Federal Telephone Excise Tax

You may be able to request a credit for the federal excise tax paid on long distance or bundled telephone service.

### Alternative Minimum Tax Exemption Amount

The exemption amount for alternative minimum tax is increased.

### Direct Deposit of Refund

You can split the direct deposit of your refund into two or three accounts.

### Residential Energy Credits

You may be able to take a credit if you installed qualified energy saving items in connection with your home.

**For details on these and other changes, see page 11.**

# Line 67

## Excess Social Security and Tier 1 RRTA Tax Withheld

If you, or your spouse if filing a joint return, had more than one employer for 2006 and total wages of more than $94,200, too much social security or tier 1 railroad retirement (RRTA) tax may have been withheld. You can take a credit on this line for the amount withheld in excess of $5,840.40. But if any one employer withheld more than $5,840.40, you cannot claim the excess on your return. The employer should adjust the tax for you. If the employer does not adjust the overcollection, you can file a claim for refund using Form 843. Figure this amount separately for you and your spouse.

You cannot claim a refund for excess tier 2 RRTA tax on Form 1040. Instead, use Form 843.

For more details, see Pub. 505.

# Line 68

## Additional Child Tax Credit

### What Is the Additional Child Tax Credit?

This credit is for certain people who have at least one qualifying child as defined in the instructions for line 6c on page 19. The additional child tax credit may give you a refund even if you do not owe any tax.

### Two Steps To Take the Additional Child Tax Credit!

**Step 1.** Be sure you figured the amount, if any, of your child tax credit. See the instructions for line 53 that begin on page 42.

**Step 2.** Read the TIP at the end of your Child Tax Credit Worksheet. Use Form 8812 to see if you can take the additional child tax credit, but only if you meet the condition given in that TIP.

# Line 69

## Amount Paid With Request for Extension To File

If you filed Form 4868 to get an automatic extension of time to file Form 1040, enter any amount you paid with that form or by electronic funds withdrawal or credit card. If you paid by credit card, do not include on line 69 the convenience fee you were charged. Also, include any amounts paid with Form 2350.

# Line 70

Check the box(es) on line 70 to report any credit from Form 2439, 4136, or 8885.

# Line 71

## Credit for Federal Telephone Excise Tax Paid

If you were billed after February 28, 2003, and before August 1, 2006, for the federal telephone excise tax on long distance or bundled service, you may be able to request a credit for the tax paid. You had bundled service if your local and long distance service was provided under a plan that does not separately state the charge for local service.

You cannot request the credit if you have already received a credit or refund from your service provider. If you request the credit, you cannot ask your service provider for a credit or refund and must withdraw any request previously submitted to your provider.

You can request the standard amount or the actual amount you paid. If you believe you paid more than the standard amount, it can be to your benefit to request the actual amount. If you request the actual amount paid, you must attach Form 8913 showing the amount paid and keep records to substantiate the amount. If you were a sole proprietor, farmer, or lessor of rental real estate, you may be able to estimate your actual expenses. See Form 8913 for details.

**Standard amount.** The standard amount you can request depends on the number of exemptions you claimed on line 6d. The standard amounts, which include both the tax paid and interest owed on that tax, are shown in the following table.

| IF the number of exemptions you claimed is ... | THEN the standard amount is ... |
|---|---|
| 0 | $0* |
| 1 | 30 |
| 2 | 40 |
| 3 | 50 |
| 4 or more | 60 |

*Even though your standard amount is zero, you can request the actual amount paid on Form 8913.

If you request the standard amount and you later want to change it to the actual amount, you must file an amended return.

If you request the standard amount, you do not have to include the credit in income for any tax year.

# Refund

# Line 73

## Amount Overpaid

If line 73 is under $1, we will send a refund only on written request.

If you want to check the status of your refund, please wait at least 6 weeks (3 weeks if you filed electronically) from the date you filed your return to do so. But if you filed Form 8379 with your return, allow 14 weeks (11 weeks if you filed electronically). See page 8 for details.



*If the amount you overpaid is large, you may want to decrease the amount of income tax withheld from your pay by filing a new Form W-4. See* Income Tax Withholding and Estimated Tax Payments for 2007 on page 64.

### Refund Offset

If you owe past-due federal tax, state income tax, child support, spousal support, or certain federal nontax debts, such as student loans, all or part of the overpayment on line 73 may be used (offset) to pay the past-due amount. Offsets for federal taxes are made by the IRS. All other offsets are made by the Treasury Department's Financial Management Service (FMS). For federal tax offsets, you will receive a notice from the IRS. For all other offsets, you will receive a notice from FMS. To find out if you may have an offset or if you have any questions about it, contact the agency to which you owe the debt.

### Injured Spouse

If you file a joint return and your spouse has not paid past-due federal tax, state income tax, child support, spousal support, or a federal nontax debt, such as a student loan, part or all of the overpayment on line 73 may be used (offset) to pay the past-due amount. But your part of the overpayment may be refunded to you if certain conditions apply and you complete Form 8379. For details, use TeleTax topic 203 (see page 8) or see Form 8379.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

# Declaration of Gregory E. Van Hoey
# February 15, 2007

# Exhibit B

Form **1040EZ-T**

Department of the Treasury—Internal Revenue Service
**Request for Refund of Federal Telephone Excise Tax** (99) **2006**

OMB No. 1545-2039

**Name and address**

Please print or type.

| Your first name and initial | Last name | **Your social security number** |
| If a joint request, spouse's first name and initial | Last name | **Spouse's social security number** |
| Home address (number and street). If you have a P.O. box, see page 2. | Apt. no. | ▲ You **must** enter your SSN(s) above. ▲ |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2. | | If you do not have an SSN, see page 2. |

**Before You Begin**

You can file this form to get a one-time refund of the federal telephone excise tax **only** if **all** of the following apply.

- You are not required to and do not file an individual income tax return.
- You paid federal telephone excise tax on long distance or bundled telephone service billed to you after February 28, 2003, and before August 1, 2006.
- You have not received or requested a credit or refund of the federal excise tax from your telephone service provider. (If you requested a credit or refund, you must have withdrawn the request.)

**Refund**

Have it directly deposited! See page 3 and fill in 1b, 1c, and 1d.

**1a** Refund of federal telephone excise tax paid. Attach Form 8913 if required. See instructions. _____ 1a

▶ **b** Routing number □□□□□□□□□    ▶ **c** Type: □ Checking  □ Savings

▶ **d** Account number □□□□□□□□□□□□□□□□□

**Third party designee**

Do you want to allow another person to discuss this request with the IRS (see page 4)? □ **Yes.** Complete the following. □ **No**

Designee's name ▶ _____  Phone no. ▶ ( )  Personal identification number (PIN) ▶ □□□□□

**Sign here**

Joint request? See page 4.
Keep a copy for your records.

Under penalties of perjury, I declare that I have examined this request and accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Your signature | Date | Daytime phone number ( ) |
| Spouse's signature. If a joint request, **both** must sign. | Date | |

## General Instructions

### Purpose of Form

Form 1040EZ-T is used by certain individuals who do not have to file a federal individual income tax return and want to get a one-time refund of the federal excise tax they paid on long distance or bundled telephone service.

**Note.** If you file Form 1040EZ-T and later determine you should have filed an individual income tax return for 2006, file Form 1040X to report your income, deductions, and additional credits. Do not file Form 1040, 1040A, 1040EZ, 1040NR, 1040NR-EZ, 1040-PR, or 1040-SS.

**IRS e-file** takes the guesswork out of preparing your request. It's the fastest, easiest, and most convenient way to file your request electronically. You may also be eligible to use free online commercial tax preparation software. Visit *www.irs.gov/efile* for details.

**Deceased taxpayer.** If you are requesting a refund on behalf of a taxpayer who died before 2006, you must file Form 1041 to request the refund.

If the taxpayer died after 2005, the taxpayer's spouse or personal representative must file Form 1040EZ-T and sign it for that taxpayer. A personal representative can be an executor, administrator, or anyone who is in charge of the deceased taxpayer's property. The person who files Form 1040EZ-T must enter "Deceased," the deceased taxpayer's name, and the date of death across the top of the form. If this information is not provided, the processing of the request may be delayed.

If you are filing a joint request as a surviving spouse, you only need to file Form 1040EZ-T to request the refund. Enter "Filing as surviving spouse" in the area where you sign the request. If someone else is the personal representative, he or she must also sign.

If you are a court-appointed representative, file the request and attach a copy of the certificate that shows your appointment. All other filers requesting the deceased taxpayer's refund must file the request and attach Form 1310.

### When To File

File Form 1040EZ-T by April 16, 2007 (April 17, 2007, if you live in Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont, or the District of Columbia).

## Where To File

Mail your Form 1040EZ-T to the Internal Revenue Service Center shown below that applies to you.

| IF you live in... | THEN use this address: |
|---|---|
| Alabama, Delaware, Florida, Georgia, North Carolina, Rhode Island, South Carolina, Virginia | Internal Revenue Service Center Atlanta, GA 39901-0014 |
| District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont | Internal Revenue Service Center Andover, MA 05501-0014 |
| Arkansas, Connecticut, Illinois, Indiana, Iowa, Michigan, Missouri, New Jersey, Ohio, Wisconsin | Internal Revenue Service Center Kansas City, MO 64999-0014 |
| Kentucky*, Pennsylvania* | Internal Revenue Service Center Philadelphia, PA 19255-0014 |
| Kansas, Louisiana, Mississippi, Oklahoma, Tennessee, Texas, West Virginia, APO, FPO | Internal Revenue Service Center Austin, TX 73301-0014 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oregon, South Dakota, Utah, Washington, Wyoming | Internal Revenue Service Center Fresno, CA 93888-0014 |
| A U.S. possession or a foreign country (except APO and FPO) | Internal Revenue Service Center Austin, TX 73301-0215 USA |

*If you live in Kentucky or Pennsylvania and file Form 1040EZ-T after June 30, 2007, use: Internal Revenue Service Center, Kansas City, MO 64999-0014.

**Private delivery services.** You can use certain private delivery services designated by the IRS to meet the "timely mailing as timely filing/paying" rule for tax returns and payments. These private delivery services include only the following.

● DHL Express (DHL): DHL Same Day Service, DHL Next Day 10:30 am, DHL Next Day 12:00 pm, DHL Next Day 3:00 pm, and DHL 2nd Day Service.

● Federal Express (FedEx): FedEx Priority Overnight, FedEx Standard Overnight, FedEx 2Day, FedEx International Priority, and FedEx International First.

● United Parcel Service (UPS): UPS Next Day Air, UPS Next Day Air Saver, UPS 2nd Day Air, UPS 2nd Day Air A.M., UPS Worldwide Express Plus, and UPS Worldwide Express.

   The private delivery service can tell you how to get written proof of the mailing date.

## Refund Information

You can check the status of your refund if it has been at least 6 weeks from the date you filed your request (3 weeks if you filed electronically). Be sure to have a copy of your request available because you will need to know the dollar amount of your refund. Then, do one of the following.

● Go to *www.irs.gov* and click on *Where's My Refund.*

● Call 1-800-829-4477, 24 hours a day, 7 days a week, for automated refund information.

● Call 1-800-829-1954. Our normal hours of operation are Monday through Friday from 7:00 a.m. to 10:00 p.m. local time. Assistance provided to callers from Alaska and Hawaii will be based on the hours of operation in the Pacific time zone.



*Refunds are sent out weekly on Fridays. If you check the status of your refund and are not given the date it will be issued, please wait until the next week before checking back.*

## Quick and Easy Access to Tax Help, Forms, and Publications

There are several ways to get tax help, forms, and publications.

● Visit the IRS website at *www.irs.gov.*

● Send your order for forms, instructions, and publications to the following address. You should receive your order within 10 days after your request is received.

> Internal Revenue Service
> National Distribution Center
> P.O. Box 8903
> Bloomington, IL 61702-8903

● Call 1-800-TAX-FORM (1-800-829-3676) to order current year forms, instructions, and publications. You should receive your order within 10 days.

● Call the IRS with your tax questions at 1-800-829-1040 during the hours listed at the top of this column.

● If you have access to TTY/TDD equipment, call 1-800-829-4059 to ask tax questions or to order forms and publications.

● Pick up some of the most requested forms, instructions, and publications at many IRS offices, post offices, and libraries.

# Specific Instructions
## Name and Address

Print the information in the spaces provided. Enter your P.O. box number only if your post office does not deliver mail to your home.

**Foreign address.** Print the information in the following order: city, province or state, and country. Follow the country's practice for entering the postal code. Do not abbreviate the country name.

## Social Security Number (SSN)

To apply for an SSN, fill in Form SS-5 and return it to the Social Security Administration (SSA). You can get Form SS-5 online at *www.socialsecurity.gov* from your local SSA office, or by calling the SSA at 1-800-772-1213. Check that your SSN is entered correctly and agrees with your social security card.

   If you are a nonresident or resident alien and you do not have and are not eligible to get an SSN, enter your ITIN if you have one. If you do not have an ITIN, leave the space blank. But to get your refund, you **must** attach to Form 1040EZ-T a certified or notarized copy of your valid passport. If you do not have a valid passport, then you **must** attach certified or notarized copies of **at least two** of the documents listed on page 3. The documents must be current (not

expired) and verify your identity (that is, contain your name that matches your name on Form 1040EZ-T). At least one document must contain your photograph and one document must verify your foreign status. Do **not** attach copies of expired documents. Do **not** attach original documents because they will **not** be returned to you.

● National identification card (must show photograph, name, current address, date of birth, and expiration date).

● U.S. driver's license.

● Civil birth certificate.

● Foreign driver's license.

● U.S. state identification card.

● Foreign voter's registration card.

● U.S. military identification card.

● Foreign military identification card.

● U.S. visa issued by the U.S. Department of State.

● U.S. Citizenship and Immigration Services (USCIS) photo identification.

The copies must be:

● Certified by the issuing agency or official custodian of the original record, or

● Notarized by a U.S. notary public legally authorized within his or her local jurisdiction to certify that the document is a true copy of the original. To do this, the notary must see the valid, unaltered original document and verify that the copy conforms to the original. U.S. notaries public are available at U.S. embassies and consulates worldwide. Foreign notaries are acceptable as outlined by the Hague Convention.

## Line 1a

If you were billed after February 28, 2003, and before August 1, 2006, for the federal telephone excise tax on long distance or bundled service, you may be able to request a refund of the tax paid. You had bundled service if your local and long distance service was provided under a plan that does not separately state the charge for local service.

You cannot request the refund if you have already received a credit or refund from your service provider. If you request the refund, you cannot ask your service provider for a credit or refund and must withdraw any request previously submitted to your provider.

You can request the standard amount or the actual amount you paid. If you believe you paid more than the standard amount, it can be to your benefit to request the actual amount. If you request the actual amount paid, you must attach Form 8913 showing the amount paid and keep records to substantiate the amount. If you were a sole proprietor, farmer, or lessor of rental real estate, you may be able to estimate your actual expenses. See Form 8913 for details.

**Standard amount.** The standard amount you can request depends on the number of exemptions you would be allowed to claim if you were required to file an individual income tax return for 2006. You usually can claim exemptions for yourself, your spouse, and each person you can claim as a dependent. Pub. 501 explains the exemptions you would be allowed to claim.

The standard amounts, which include both the tax paid and interest owed on that tax, are shown in the following table.

| IF the number of exemptions you would claim on an individual income tax return is— | THEN the standard amount is— |
|---|---|
| 0 | $0* |
| 1 | 30 |
| 2 | 40 |
| 3 | 50 |
| 4 or more | 60 |

* Even though your standard amount is zero, you can request the actual amount paid on Form 8913.

If you request the standard amount and you later want to change it to the actual amount, you must file Form 1040X.

If you request the standard amount, you do not have to include the refund in income for any tax year.

## Lines 1b through 1d

Complete lines 1b through 1d if you want us to directly deposit the refund shown on line 1a into your checking or savings account at a bank or other financial institution. Otherwise, we will send you a check.

**Note.** Your refund can be directly deposited to only one account. If you do not want your refund directly deposited into your account, draw a line through the boxes on lines 1b and 1d.

 *The IRS is not responsible for a lost refund if you enter the wrong account information. Check with your financial institution to make sure your direct deposit will be accepted and to get the correct routing and account numbers.*

**Line 1b.** The routing number must be nine digits. The first two digits must be 01 through 12 or 21 through 32. Otherwise, the direct deposit will be rejected and a check sent instead. See the sample check below.

Your check may state that it is payable through a financial institution different from the one at which you have your checking account. If so, do not use the routing number on that check. Instead, contact your financial institution for the correct routing number to enter on line 1b.

**Line 1d.** The account number can be up to 17 characters (both numbers and letters). Include hyphens but omit spaces and special symbols. Enter the number from left to right and leave any unused boxes blank. See the sample check below.

 *Some financial institutions will not allow a joint refund to be deposited into an individual account. If the direct deposit is rejected, a check will be sent instead. The IRS is not responsible if a financial institution rejects a direct deposit.*

## Sample Check—Lines 1b Through 1d



 *The routing and account numbers may be in different places on your check.*

## Third Party Designee

If you want to allow a friend, family member, return preparer, or any other person you choose to discuss your request for a refund of federal telephone excise tax with the IRS, check the "Yes" box. Also, enter the designee's name, phone number, and any five digits the designee chooses as his or her personal identification number (PIN).

If you check the "Yes" box, you, and your spouse if filing a joint request, are authorizing the IRS to call the designee to answer any questions that may arise during the processing of your request. You are also authorizing the designee to:

● Give the IRS any information that is missing from your request,

● Call the IRS for information about the processing of your request or the status of your refund,

● Receive copies of notices or transcripts related to your Form 1040EZ-T upon request, and

● Respond to certain IRS notices about math errors, offsets, and request preparation.

You are not authorizing the designee to receive any refund check, bind you to anything (including any additional tax liability), or otherwise represent you before the IRS. If you want to expand the designee's authorization, see Pub. 947.

The authorization will automatically end no later than the due date (without regard to extensions) for filing your 2007 tax return. This is April 15, 2008, for most people. If you want to revoke the authorization before it ends, see Pub. 947.

## Sign Your Request

Form 1040EZ-T is not considered a valid request for refund unless you sign it. If you are filing a joint request, your spouse must also sign. If your spouse cannot sign, see Pub. 501. Be sure to enter the date. If you have someone else prepare your request, you are still responsible for its correctness.

If you are filing a joint request as surviving spouse, see *Deceased taxpayer* on page 1.

Keep a copy of your Form 1040EZ-T for your records.

**Daytime phone number.** Providing your daytime phone number may help speed the processing of your request. We may have questions about items on your request. By answering our questions over the phone, we may be able to continue processing your request without mailing you a letter. If you are filing a joint request, you can enter either your or your spouse's daytime phone number.

**Electronic return signatures.** Create your own personal identification number (PIN) and file a paperless request electronically or use a tax professional. If you are married

filing a joint request, you and your spouse will each need to create a PIN and enter these PINs as your electronic signatures.

A PIN is any combination of five digits you choose except five zeros. If you use a PIN, there is nothing to sign and nothing to mail. For more details, visit *www.irs.gov/efile* and click on "*e-file* for Individual Taxpayers."

You cannot sign your request electronically if you are a first-time filer under age 16 at the end of 2006.

If you file your request using IRS *e-file,* but you are not eligible or choose not to sign your request electronically, you must complete, sign, and file Form 8453 or Form 8453-OL, whichever applies.

Sign electronically and file a completely paperless request. If you use a paid preparer, ask to sign your request electronically.

## Privacy Act and Paperwork Reduction Act Notice

We ask for the information on this form to carry out the Internal Revenue laws of the United States. We need it to determine the correct amount of your refund of the federal telephone excise tax. You are not required to request the refund of this tax. However, if you do, section 6011 requires you to provide the requested information. Section 6109 requires you to provide your taxpayer identification number. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. If you do not provide this information, we may not be able to issue you a refund. If you provide false or fraudulent information, you may be subject to penalties.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by Code section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

**Learning about the law or the form,** 51 min.; **Preparing the form,** 45 min.; and **Copying, assembling, and sending the form to the IRS,** 48 min.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

# Declaration of Gregory E. Van Hoey
# February 15, 2007

# Exhibit C

Form **8913**

Department of the Treasury
Internal Revenue Service

# Credit for Federal Telephone Excise Tax Paid

▶ See the separate instructions.

▶ Attach to your income tax return.

OMB No. 1545-2051

**2006**

Attachment
Sequence No. **63**

| Name(s) as shown on your income tax return | Identifying number |
|---|---|

Enter the federal telephone excise tax billed during each period as listed in column (a) of lines 1–14 below.

By filing this form, you are certifying that you (1) have not received from your service provider a credit or refund of the tax paid on long distance service or bundled service billed after February 28, 2003, and before August 1, 2006, and (2) will not ask your provider for a credit or refund or have withdrawn any request submitted to the provider for a credit or refund.

**Caution.** See the instructions for explanations of the services that qualify for a credit or refund of the federal telephone excise tax.

### Amount of federal excise tax on long distance or bundled service only

| (a) Bills dated during: | (b) Long distance service | (c) Bundled service | (d) Tax credit or refund (add columns (b) and (c)) | (e) Interest (see instructions) |
|---|---|---|---|---|
| **1** March, April, and May 2003 | $ | $ | $ | $ |
| **2** June, July, and August 2003 | | | | |
| **3** September, October, and November 2003 | | | | |
| **4** December 2003; January and February 2004 | | | | |
| **5** March, April, and May 2004 | | | | |
| **6** June, July, and August 2004 | | | | |
| **7** September, October, and November 2004 | | | | |
| **8** December 2004; January and February 2005 | | | | |
| **9** March, April, and May 2005 | | | | |
| **10** June, July, and August 2005 | | | | |
| **11** September, October, and November 2005 | | | | |
| **12** December 2005; January and February 2006 | | | | |
| **13** March, April, and May 2006 | | | | |
| **14** June and July 2006 | | | | |
| **15** Add lines 1–14 in columns (d) and (e)  . . . . . . . . . . . . . . . . . | | | $ | $ |
| **16** Total credit or refund requested. Add columns (d) and (e) on line 15. Enter here and on Form 1040, line 71; Form 1040A, line 42; Form 1040EZ, line 9; Form 1040EZ-T, line 1a; Form 1040NR, line 69; Form 1040NR-EZ, line 21; Form 1120, line 32g; Form 1120-A, line 28g; Form 1120S, line 23d; Form 1041, line 24f; Form 1041-N, line 17; Form 1065, line 23; Form 990-T, line 44f; or the proper line of other returns  . . . . . . ▶ | | | | $ |

**For Paperwork Reduction Act Notice, see page 2.**

Cat. No. 37723M

Form **8913** (2006)

**Paperwork Reduction Act Notice.** We ask for the information on Form 8913 to carry out the Internal Revenue laws of the United States. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 8913 will vary depending on individual circumstances. The estimated burden for individual taxpayers filing Form 8913 is approved under OMB control number 1545-0074 and is included in the estimates shown in the instructions for their individual income tax return. The estimated burden for all other taxpayers who file Form 8913 is shown below.

**Recordkeeping** . . . . . . . . 13 hr., 37 min.

**Preparing and sending
the form to the IRS** . . . . . . . . . . 13 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. See the instructions for the tax return with which this form is filed.


# Instructions for Form 8913
### Credit for Federal Telephone Excise Tax Paid

Section references are to the Internal Revenue Code unless otherwise noted.

## General Instructions

### Purpose of Form

Form 8913 is used to request a credit or refund of the federal excise tax paid on long distance or bundled telephone service that was billed after February 28, 2003, and before August 1, 2006. You cannot request a credit or refund for the tax paid on local-only service or charges in connection with local-only service. See *Definitions* on page 2.

You may request a credit or refund if you:
• Have not received from the service provider a credit or refund of the tax paid on long distance or bundled service billed after February 28, 2003, and before August 1, 2006, and
• Will not ask the service provider for a credit or refund or have withdrawn any request submitted to the provider for a credit or refund.

 *Do not file Form 8913 if you are requesting the standard amount on your individual tax return.*

Requests cannot be filed on Form 8849, Form 720, or Form 843 for this credit or refund; the IRS will not process these claims. If you filed a claim prior to May 25, 2006, you or your representative should have received a letter from the IRS explaining how your claim will be processed. If you or your representative have not received a letter or an IRS agent has not contacted you, call toll-free 1-866-699-4096 for assistance.

### How To Figure Your Credit or Refund

There are two methods to figure your credit or refund on Form 8913.
• Figure your actual credit or refund. You will need your phone bills for the 41-month refund period.
• If eligible, you can figure your actual credit or refund using the Business and Nonprofit Estimation Method.

### Who Must File

All of the following must file Form 8913 if they want to request a credit or refund of the federal telephone excise tax.
• All corporations, partnerships, estates, trusts, and nonprofit organizations.
• Any individual who can be claimed as a dependent by someone else. A person who can be claimed as a dependent is eligible to request a credit or refund of the telephone excise tax if the dependent paid the tax on long distance or bundled service. However, the dependent must file Form 8913 and figure the actual amount of credit or refund. A dependent cannot request the standard amount.

### Others Who May File

#### Individuals

Standard amounts are available for individuals to request a credit or refund of the tax instead of figuring the actual amount on Form 8913. See the 2006 Instructions for Form 1040, Form 1040A, Form 1040EZ, Form 1040NR, Form 1040NR-EZ, Form 1040-PR, Form 1040-SS, or new Form 1040EZ-T, Request for Refund of Federal Telephone Excise Tax. However, individuals who want to request a credit or refund greater than the standard amount must file Form 8913. Individuals filing Schedule C, Schedule C-EZ, Schedule E, Schedule F, or Form 4835 may benefit by figuring the actual amount of credit or refund on Form 8913.

 *The IRS has developed Form 1040EZ-T for use by individuals who are otherwise not required to file a tax return. Individuals who file Form 1040EZ-T can request the standard amount or use Form 8913 to request a refund. Form 1040EZ-T is available on the IRS website at www.irs.gov.*

**Individuals filing Schedule C, Schedule C-EZ, Schedule E, Schedule F, or Form 4835.** Individuals who figure the actual amount of credit or refund must do so for all of their phone service included in the credit or refund request. You cannot request the standard amount for your personal lines and also request the actual amount for your business lines.

#### Deceased Taxpayers

If a taxpayer died after 2005 but before filing a return for 2006, the taxpayer's spouse or personal representative may have to file Form 8913 (if he or she is not requesting the standard amount) and attach it to the individual income tax return for that taxpayer or to Form 1040EZ-T. For more information on filing for a deceased taxpayer, see the instructions for your individual tax return.

If the taxpayer died before 2006, Form 1041 must be filed for 2006, even if the estate is closed. Attach Form 8913 to that return.

#### Entities No Longer in Existence or No Longer in Business

If an entity was the subject of a merger or acquisition and it will not be filing a 2006 income tax return, the surviving or acquiring corporation must include on its Form 8913 any tax for the months of the refund period the dissolved entity was in existence and paid the tax. If the entity is no longer in business or is no longer in existence, the transferee must file Form 8913. The transferee must include any tax on long distance or bundled service from the entity no longer in existence with the transferee's own Form 8913.

## Credit or Refund Requests by Service Providers

A service provider is the person responsible for paying over the tax to the government, generally the telecommunications company that provides communications services to the taxpayer. A provider cannot use Form 8913 to request a credit or refund for long distance or bundled service billed to customers of the provider. See the Instructions for Form 720.

Providers may request a credit or refund on Form 8913 for long distance or bundled service billed to the provider.

## Recordkeeping

Do not attach any phone bills or other records to Form 8913. However, all taxpayers must keep records to support the credit or refund request.

 *Service providers are not required to provide duplicate billing records to their customers.*

## How To File

Attach Form 8913 to your return for the tax year that includes December 31, 2006.

## Definitions

### Local-Only Service

Local-only service means (a) access to a local telephone system (but not private communications service) and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system, and (b) any facility or service provided in connection with such a service.

Local-only service includes the charges for the following services, even though they may be connected with long distance service.
- Telephone amplifier.
- Automatic call distributing equipment.
- Special telephone.
- Subscriber line charge (or access charge if separately stated).

A universal service fee charge is considered local-only service if it is separately stated on the bill for local-only service.

If local and long distance service is billed to a customer on a single bill, but the charges for local-only service and long distance service are separately stated, then the amount for local-only service is subject to the 3% communications excise tax.

### Bundled Service

Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone service. Bundled service includes plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landlines and wireless (cellular) service. If Voice over Internet Protocol service provides both local and long distance service and the charges are not separately stated, such service is bundled service.

The method for sending or receiving a call, such as on a landline telephone, wireless (cellular), or some other method, does not affect whether a service is local-only or bundled.

### Prepaid Telephone Cards (PTC)

A PTC will be treated as bundled service unless a PTC expressly states it is for local-only service. Generally, the person responsible for collecting the tax is the carrier who transfers the PTC to the transferee. The transferee is the first person that is not a carrier to whom a PTC is transferred by the carrier. The transferee is the person liable for the tax and is eligible to request a credit or refund. For more information, see Regulations section 49.4251-4.

The holder is the person that purchases a PTC to use and not to resell. Holders are not liable for the tax and cannot request a credit or refund.

*Example 1.* Z purchases a PTC from S. Z uses the PTC to place telephone calls. Z is a holder and cannot request a credit or refund.

*Example 2.* S purchased the PTC from O. O is a transferee that purchased the card from R. R is a carrier. O is eligible to request a credit or refund. S cannot request a credit or refund because S did not purchase the PTC from the carrier.

### Prepaid Cellular Telephones

Rules similar to the PTC rules above apply to prepaid cellular telephones. The transferee is the person eligible to request the credit or refund.

### Long Distance Service

Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

## Additional Information

For more information, see Notice 2006-50, which is available on page 1141 of Internal Revenue Bulletin 2006-25 at *www.irs.gov/pub/irs-irbs/irb06-25.pdf.*

# Specific Instructions

## Identifying Number

Enter the identifying number shown on your tax return. If you are filing Form 1040EZ-T and you did not enter an identifying number on that form, leave this space blank.

## How To Complete Lines 1–14, Columns (b) and (c)

### Figuring the Actual Amount of Credit or Refund

Taxpayers must have appropriate records for each period a credit or refund is requested. Businesses and nonprofit organizations may be eligible to use an estimation method (described below). Enter the tax for all telephone lines for each period in the applicable column shown on lines 1–14. Complete and attach only one Form 8913 to your return. Include the tax on prepaid telephone cards and prepaid cellular service with long distance service in column (b). Do not include the tax on local-only service.

 *Individuals cannot request the standard amount for their personal or business phone service if they figure the actual credit or refund for any of their phone service.*

**Example 1.** A corporation files a consolidated return with three subsidiaries. The corporation prepares one Form 8913 which combines the credit or refund request for the entire group.

**Example 2.** Audrey files Form 1040 that includes a separate Schedule C (Form 1040) for each of her three businesses. Audrey combines the actual tax paid for her personal and business phone lines and files one Form 8913 with Form 1040.

### Business and Nonprofit Estimation Method

A business and nonprofit estimation method is available for corporations, partnerships, estates, trusts, and nonprofit organizations. Business also includes individual taxpayers filing Schedule C, Schedule C-EZ, Schedule E, Schedule F, or Form 4835, with gross receipts above the limit figured in Step 1 of the worksheet. Your organization must have been in business April through September of 2006 to use this method.

This method will allow organizations to make a reasonable estimate of their actual credit or refund for the 41-month refund period. Using the estimation method may reduce the burden of computing the actual credit or refund for all 41 months. However, there are limits on the amount of credit or refund using this method. The limits are explained in the worksheet. Any organization, or individual filing Schedules C, C-EZ, E, F, or Form 4835, can always figure the actual amount of credit or refund and not use the estimation method.

## Step 1. Are You Eligible To Use This Method?

**1. Are you an individual taxpayer?**

☐ **Yes.** Continue

☐ **No.** You can use this method. Go to Step 2 at the bottom of this page.

**2. Are you filing Schedule C, C-EZ, E, or F, or Form 4835?**

☐ **Yes.** Continue

☐ **No.** STOP You cannot use this method.

**3. Enter the amounts from the following lines of your tax return:**

| | |
|---|---|
| 3a. Schedule C, line 1 | _____ |
| 3b. Schedule C, line 6 | + _____ |
| 3c. Schedule C-EZ, line 1 | + _____ |
| 3d. Schedule E, line 3 | + _____ |
| 3e. Schedule F, line 2 | + _____ |
| 3f. Schedule F, line 11 | + _____ |
| 3g. Schedule F, line 45 | + _____ |
| 3h. Form 4835, line 7 | + _____ |
| 3i. Add lines 3a through 3h | = _____ |

**4. Is line 3i more than $25,000?**

☐ **Yes.** You can use this method. Go to Step 2.

☐ **No.** STOP You cannot use this method. Complete lines 1–14 using the actual amounts of tax paid.

## Step 2. Figure Your Allowable Excise Tax Rate

1. Enter the total amount you paid for telephone service (including all fees and taxes) billed in April 2006. . . . . . . . . . . **1.** _____
2. Enter the total federal excise tax included on line 1. . . . . . . . . . . . . . . **2.** _____
3. Divide line 2 by line 1. Carry the result to at least four decimal places . . . . . . . . . . . . . . **3.** _____
4. Enter the total amount you paid for telephone service (including all fees and taxes) billed in September 2006. . . . . . **4.** _____
5. Enter the total federal excise tax included on line 4. . . . . . . . . . . . . . . **5.** _____
6. Divide line 5 by line 4. Carry the result to at least four decimal places . . . . . . . . . . . . . . **6.** _____
7. Subtract line 6 from line 3. . . . . . . . . . . . . . . . . . . . **7.** _____
8. Enter the number of employees from line 1 of your second quarter of 2006 Form 941 (but do not count any household employees, employees in nonpay status, pensioners, or active members of the Armed Forces). If you did not file Form 941, enter -0-. . . . . . . . . . . . . . . . . . . . . **8.** _____
9. If line 8 is 250 or less, enter 0.02. Otherwise, enter 0.01 . . . . . . . . . . . . . . . . . . . . **9.** _____
10. Enter the smaller of line 7 or line 9. **10.** _____

## Step 3. Figure Your Credit or Refund for Each Period

- In **column (b)** of the worksheet below, enter the telephone expenses paid or accrued from your books and records that were billed for the period in column (a). You may determine your telephone expenses for each month during your tax year by dividing your annual telephone expenses for that tax year by 12.
- In **column (c)** of the worksheet below, enter the rate from Step 2, line 10.
- In **column (d)** of the worksheet below, multiply column (b) by column (c). Enter the result on the corresponding line in column (d) of Form 8913.

| (a) Period | (b) Telephone Expenses (including all fees and taxes) | (c) Rate From Step 2, Line 10 | (d) Tax Credit or Refund (column (b) x column (c)) |
|---|---|---|---|
| 1. March 2003 – May 2003 | $ | | $ |
| 2. June 2003 – Aug. 2003 | | | |
| 3. Sept. 2003 – Nov. 2003 | | | |
| 4. Dec. 2003 – Feb. 2004 | | | |
| 5. March 2004 – May 2004 | | | |
| 6. June 2004 – Aug. 2004 | | | |
| 7. Sept. 2004 – Nov. 2004 | | | |
| 8. Dec. 2004 – Feb. 2005 | | | |
| 9. March 2005 – May 2005 | | | |
| 10. June 2005 – Aug. 2005 | | | |
| 11. Sept. 2005 – Nov. 2005 | | | |
| 12. Dec. 2005 – Feb. 2006 | | | |
| 13. March 2006 – May 2006 | | | |
| 14. June 2006 – July 2006 | | | |

**Do not** complete columns (b) and (c) on Form 8913. Complete column (e) and the rest of Form 8913 using these instructions.

# Lines 1–14, Column (e)

All taxpayers must figure the interest due on the credit or refund for each period. If you are an individual, estate, trust, or partnership (except an electing large partnership) and you are filing a calendar year return on or before its original due date, multiply the amount of tax on Form 8913, lines 1–14, column (d), by the interest factor for the corresponding line in the table below. Interest is computed through May 30, 2007.

| Line From Form 8913 | Interest Start Date | Interest Factor |
|---|---|---|
| Line 1 | August 1, 2003 | .260351533 |
| Line 2 | November 1, 2003 | .245625746 |
| Line 3 | February 1, 2004 | .233142332 |
| Line 4 | May 1, 2004 | .220072831 |
| Line 5 | August 1, 2004 | .205856373 |
| Line 6 | November 1, 2004 | .192782734 |
| Line 7 | February 1, 2005 | .177872636 |
| Line 8 | May 1, 2005 | .162644579 |
| Line 9 | August 1, 2005 | .145195286 |
| Line 10 | November 1, 2005 | .127050415 |
| Line 11 | February 1, 2006 | .107341197 |
| Line 12 | May 1, 2006 | .088602722 |
| Line 13 | August 1, 2006 | .068658029 |
| Line 14 | November 1, 2006 | .047327318 |

Interest factors are **not** provided in these instructions for other taxpayers. Tables of interest rates to figure interest on overpayments for other taxpayers are available in Rev. Proc. 95-17, 1995-1 C.B. 556. The applicable interest rates for overpayments in effect for periods through December 31, 2006, are shown in Rev. Rul. 2006-49, 2006-40 I.R.B. 584, which is available at *www.irs.gov/pub/irs-irbs/irb06-40.pdf*. For periods after December 31, 2006, use the applicable overpayment rate under section 6621(a)(1) in the quarterly revenue rulings published in the Internal Revenue Bulletin.

Interest must be figured using the interest start date shown in the table above. The interest ending date is 45 days after the later of the original due date or the date you file your return.

# Including the Credit or Refund in Income

You must report as interest income in the year received or accrued the part of your credit or refund attributable to interest, from line 15, column (e). If you deducted any telephone excise tax paid, you also must include in gross income in the year received or accrued the smaller of the amount deducted or the rest of your credit or refund, from line 15, column (d), except to the extent the deduction did not reduce federal income tax.

# Amended Return

You must complete another Form 8913 in full if you are amending a previously filed Form 8913. On the corrected Form 8913, use the same interest start date and ending date that were required to be used on your original Form 8913. Attach both a copy of the original Form 8913 and the corrected Form 8913 to the applicable amended return. Write "Amended TETR" at the top of the corrected Form 8913 and the amended return.

Individuals also may file an amended return changing from the standard amount to the actual amount of credit or refund. Attach Form 8913 to Form 1040X and state that you are changing from the standard amount to the actual amount of credit or refund. Write "Amended TETR" at the top of the amended return.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | MDL Docket No. 1798 |
| LONG-DISTANCE TELEPHONE SERVICE | ) | |
| FEDERAL EXCISE TAX REFUND | ) | Master File: 07-mc-0014 (RMU) |
| LITIGATION | ) | |
| | ) | Member Case: 07-cv-051 |
| This Document Relates To: | ) | |
| *Cohen v. United States* | ) | |

**ORDER**

Before the Court is the United States' motion to dismiss the second claim for relief in Plaintiff Neiland Cohen's second amended complaint; namely, a claim for review of agency action under the Administrative Procedure Act. Upon review and consideration of the parties' submissions on this motion, the Court finds the following:

1) Plaintiff lacks standing to assert his claim under both Article III of the United States Constitution and 5 U.S.C. § 702;

2) Even assuming that the procedure described in IRS Notice 2006-50 is "agency action," that action was committed to agency discretion by law under 5 U.S.C. § 701(a)(2);

3) The sovereign immunity waiver in 5 U.S.C. § 702 does not apply to the class-action tax-refund remedy sought by Plaintiff, and therefore the Court lacks jurisdiction to grant that relief; and

4) Plaintiff has failed to state a claim under the Administrative Procedure Act because IRS Notice 2006-50 is not a final agency action for which there is no other adequate remedy.

Therefore, IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), that the United States' motion is GRANTED, and Plaintiff's claim for review of agency action

under the Administrative Procedure Act is DISMISSED.


**SO ORDERED**.


Date: _____


_____
RICARDO M. URBINA
United States District Judge


To Be Served Upon:

| | |
|---|---|
| Sidney A. Backstrom<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 | Steven N. Berk<br>Cuneo Gilbert & LaDuca, LLP<br>507 C Street NE<br>Washington, DC 20002 |
| Michael A. Bowen<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI 53202 | Nicholas E. Chimicles<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| Jonathan Watson Cuneo<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert J. Cynkar<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 |
| Ivan C. Dale<br>U.S. Department of Justice, Tax Division<br>P.O. Box 227<br>Washington, DC 20044 | Benjamin F. Johns<br>Chimicles & Tikellis LLP<br>361 West Lancaster Avenue<br>Haverford, PA 19041 |
| Charles J. LaDuca<br>Cuneo Gilbert & LaDuca LLP<br>507 C Street NE<br>Washington, DC 20002 | Robert G. Smith<br>Lewis Brisbois Bisgaard & Smith LLP<br>550 West C Street, Suite 800<br>San Diego, CA 92101 |

| | |
|---|---|
| Daniel Paul Collins<br>Daniel L. Geyser<br>Burton A. Gross<br>Joseph D. Lee<br>Munger, Tolles & Olson LLP<br>355 South Grand Avenue, 35th Floor<br>Los Angeles, CA 90071 | Richard Henry Dolan<br>Schlam Stone & Dolan LLP<br>26 Broadway<br>New York, NY 10004 |
| John P. Frantz<br>One Verizon Way<br>VC54N067<br>Basking Ridge, NJ 07920 | Michael D. Leffel<br>Foley & Lardner LLP<br>150 East Gilman Street<br>Madison, WI 53703 |
| Alejandro Mayorkas<br>Sandra Sepulveda<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles CA 90071 | Christopher R. Neufeld<br>Kelechi O. Onyeobia<br>Law Offices of Kelechi O. Onyeobia, P.C.<br>1218 Walton Avenue, Suite 108<br>Bronx, NY 10452 |
| Kevin T. Peters<br>Christopher Weld, Jr.<br>Tony & Weld LLP<br>28 State Street<br>Boston, MA 02109 | Richard F. Scruggs<br>Scruggs Law Firm, PA<br>120A Courthouse Square<br>P.O. Box 1136<br>Oxford, MS 38655 |
| P. Scott Wolleson<br>The Boles Law Firm<br>P.O. Box 2065<br>Monroe, LA 71207 | Gregory E. Van Hoey<br>U.S. Department of Justice, Tax Division<br>P.O. Box 7238<br>Washington, DC 20044 |