IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798<br><br>Judge Ricardo M. Urbina<br><br>Docket No. 1:07-mc-00014-RMU |

### BRIEF IN SUPPORT OF ENTRY OF
### [PROPOSED] CASE MANAGEMENT ORDER NO. 2

I.   Introduction.

On December 28, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 that, *inter alia*, transferred an action pending in the Central District of California, *Oscar Gurrola, et al. v. United States, et al.*, Docket No. 2:06-3425 ("*Gurrola*") and an action pending in the Eastern District of Wisconsin, *Neiland Cohen v. United States*, Docket No. 2:05-1237 ("*Cohen*") to this Court for coordinated or consolidated pretrial proceedings with *Sloan, et. al. v. United States*, Docket No. 1:06-cv-483 ("*Sloan*").[1] *In re Long-Distance Telephone Service Federal Excise Tax Refund Litig.*, 2006 WL 3848729, *2 (Dec. 28, 2006 J.P.M.L.). All three (3) of these cases that were coordinated or consolidated pursuant to the Panel's order involve claims against the federal government related to its collection and administration of the Communications Excise Tax ("FET"), 26 U.S.C. § 4251, *et. seq.*[2]

---

[1] Unless specified otherwise, Plaintiffs' Counsel in the *Sloan, Gurrola,* and *Cohen* cases shall be collectively referred to herein as the "MDL Plaintiffs' Counsel."

[2] Plaintiffs in the *Gurrola* case originally asserted a claim under the California Business & Professions Code § 17200, *et. seq.*, along with unjust enrichment, conversion, and tax refund claims, against the telecommunications carriers. The plaintiffs in that case have since voluntarily dismissed all of their claims against the telecommunications carriers.

On January 16, 2007, the Panel issued a Conditional Transfer Order (CTO-1) that addressed another case related to the FET, *Anthony Belloni, et al. v. Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*"). Unlike any of the other cases that were included in the Panel's December 28, 2006 order, however, the *Belloni* complaint only asserts claims against telecommunications carriers. The federal government is not named as a defendant *Belloni*. The Panel nonetheless preliminarily transferred this action to the District of Columbia to be included in MDL-1798, "for the reasons stated in the order of December 28, 2006." *In re Long-Distance Telephone Service Federal Excise Tax Refund Litig.*, 2006 WL 3848729, *2 (Dec. 28, 2006 J.P.M.L.). Plaintiffs' counsel in both the *Sloan* case and the *Belloni* case have filed objections with the JPML, wherein they seek to vacate CTO-1.[3]

II.     The MDL Plaintiffs Agree on a Case Organization and Leadership Structure.

On January 22, 2007, Plaintiffs' counsel in *Sloan* filed a Praecipe informing this Court that they had invited Plaintiffs' counsel in the *Cohen* and *Gurrola* cases to attend a meeting of all Plaintiffs' counsel on January 10, 2007 (Docket Entry No. 6). In this Praecipe, Plaintiffs' Counsel in the *Sloan* case also informed this Court that, after conferring in good faith and on several occasions, the MDL Plaintiffs' Counsel were unable to come to an agreement on case management and organization.

On January 29, this Court entered an Order Establishing the Governing Practice and Procedure Upon Transfer Pursuant to 28 U.S.C. § 1407(a) (Docket Entry No. 8). In footnote 1 of page 9 of this Order, this Court ordered the MDL Plaintiffs' Counsel to again meet and confer, and endeavor to resolve their intra-party conflicts without judicial

---

[3] These objections are still pending; the JPML announced on February 14, 2007 that it would resolve them without oral argument.

involvement. Toward that end, Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola* cases promptly scheduled and held several meetings to negotiate a mutually agreeable leadership structure of plaintiffs' counsel.[4] On February 26, after numerous sessions over the course of intervening weeks, the MDL Plaintiffs' Counsel reached an agreement in principle on the leadership organization of plaintiffs' counsel. Immediately thereafter, MDL Plaintiffs' Counsel memorialized the terms of their agreement, which are contained in the [Proposed] Case Management Order No. 2, submitted herewith.

III.    The Tag-Along Provision in the [Proposed] Case Management Order No. 2.

Section III of [Proposed] Case Management Order No. 2 contains a tag-along provision, which is consistent with the guidelines set forth in the Manual for Complex Litigation.[5] Section III of [Proposed] Case Management Order No. 2 provides that the organization of Plaintiffs' Counsel set forth therein shall apply to any subsequently filed or transferred case(s), including the *Belloni* case (in the event that that case is not remanded to the Southern District of New York). Specifically, this section provides that Plaintiffs' Counsel in a subsequently filed or transferred case (including *Belloni*) shall not be added to the Plaintiffs' Executive Committee and/or Liaison Counsel established by that Order, but rather will be added to the Plaintiffs' Counsel Committee.

Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola* cases agree that this provision is necessary to ensure the prompt and efficient resolution of these cases. As mentioned above, MDL Plaintiffs' Counsel have reached an agreement on case

---

[4] In response to the invitation extended by Plaintiffs' counsel in the *Sloan* case, Plaintiffs' Counsel in *Belloni* participated in the first such meeting, which was held via telephone in early February 2007. This was the only discussion about case management and leadership structure in which the *Belloni* Plaintiffs' Counsel participated.

[5] *See,* Manual for Complex Litigation § 20.132, at 222 (4th Ed.2004) ("The transferee judge's management plan for the litigation should include provisions for handling tag-along actions transferred by the Panel after the initial transfer.").

management and leadership, and are submitting it for this Court for immediate approval. If, however, the objections to the JPML's CTO-1 (which alone could take several months to be resolved[6]), which conditionally transferred *Belloni* to these proceedings, are overruled, and there is no Court-approved case management order that addresses how subsequently transferred actions will be incorporated into these MDL proceedings, it will only serve to unnecessarily delay the resolution of the cases by disrupting the case organization.[7] Indeed, in the absence of a tag-along provision like Section III of [Proposed] Case Management Order No. 2, Plaintiffs' Counsel will need to go back to the drawing board every time that a new case is added to these proceedings. The tag-along provision of [Proposed] Case Management Order No. 2 will prevent this from happening by setting forth a framework that provides how any subsequently transferred cases will be incorporated into these proceedings.

Moreover, approving the tag-along provision of [Proposed] Case Management Order No. 2 will not serve to prejudice Plaintiffs' Counsel in *Belloni*.[8] Plaintiffs' Counsel in *Belloni* does not want to be included in these MDL proceedings, as is evident from their brief submitted in opposition to CTO-1 (Exhibit 1). Aside from the initial

---

[6] Indeed, the JPML has noted that
> …there is a <u>lag time of at least three or four months</u> from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order…

*In re Asbestos Products Liability Litig.*, 170 F.Supp.2d 1348, 1349 n.1 (J.P.M.L. 2001).

[7] The absence of such a tag-along provision would particularly be of concern if and when a case as different as *Belloni* – which only asserts claims against telecommunication carriers, and not against the federal government – is included in these MDL proceedings. One of the major reasons that Plaintiff's Counsel in *Sloan, Cohen* and *Gurrola* were able to reach a consensus on leadership structure was because Plaintiffs' Counsel in those cases agreed that they were generally all on the same page with respect to the substantive claims being asserted against the government in those cases. On the other hand, MDL Plaintiffs' Counsel would be reluctant to embrace the merits of a case that only asserts claims against the telecommunications carriers.

[8] Likewise, the tag-along provision of [Proposed] Case Management Order No. 2 will not have any prejudicial affect on the Defendant, which shares an interest with the Plaintiffs in ensuring that this litigation is resolved in an effective and judicious manner.

teleconference initiated by the MDL Plaintiffs' Counsel immediately after this Court's January 29 Order, the lawyers representing the *Belloni* plaintiffs were not involved in any of the negotiations or discussions among the MDL Plaintiffs' Counsel.[9] As such, Plaintiffs' Counsel in *Belloni* have not had the benefit of participating in the several weeks of constructive dialogue regarding case management and organization that has been conducted among the Plaintiffs' Counsel in *Sloan*, *Cohen* and *Gurrola*. If Plaintiffs' Counsel in *Belloni* were concerned about the potential impact that a tag-along provision might have on their case, they have had ample opportunity to make their voice heard.

IV.  Conclusion.

Since the tag-along provision of [Proposed] Case Management Order No. 2 is consistent with the guidelines set forth in the Manual for Complex Litigation; designed to further the prompt and judicial resolution of these proceedings; will prevent the disruption of the proceedings by any subsequently filed or transferred case(s); supported by Plaintiffs' Counsel in the *Sloan*, *Cohen* and *Gurrola* cases; and its entry will not cause any prejudice to either the Defendant or Plaintiffs' Counsel in *Belloni*, the MDL Plaintiffs respectfully request that this Court grant [Proposed] Case Management Order No. 2 in its entirety.

---

[9] In fact, Plaintiffs' Counsel in *Belloni* told MDL Plaintiffs' Counsel that they did not want to get "deeply involved" in the case management discussions while their objection to the Conditional Transfer Order was pending.

DATED: March 1, 2007.

By: /s/ [signature]
Nicholas E. Chimicles (pro hac vice)
Benjamin F. Johns (pro hac vice)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, Pennsylvania 19041


CUNEO GILBERT & LADUCA, LLP
Jonathan W. Cuneo, Esq. (DC Bar# 939389)
Robert J. Cynkar, Esq. (DC Bar# 957845)
William Anderson, Esq. (admitted 1/8/07;
DC Bar # Pending)
507 C Street, NE
Washington, DC 20002
Phone: 202-789-3960
Fax: 202-789-1813


Henry D. Levine, Esq. (DC Bar# 952770)
Stephen J. Rosen, Esq. (DC Bar# 441942)
LEVINE, BLASZAK, BLOCK AND
BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, DC 20036

Christopher Weld, Jr., Esq. (pro hac vice)
Kevin Peters, Esq. (pro hac vice)
TODD & WELD, LLP
28 State Street
Boston, MA 02109

Professor Charles Tiefer (DC Bar# 330910)
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

R. Montgomery Donaldson
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, Delaware 19801

Stephen A. Madva
Clifford Scott Meyer
MONTGOMERY, McCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew N. Friedman (DC Bar# 375595)
Victoria S. Nugent (DC Bar# 470800)
COHEN, MILSTEIN, HAUSFELD &
TOLL, PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

David L. Wales
Mark C. Rifkin
Martin Restituyo
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016

*Plaintiffs' Counsel in Sloan*

DATED: March 1, 2007.              FOLEY & LARDNER, LLP


By:_____/s/_____
Michael Bowen
Foley & Lardner, LLP
777 E Wisconsin Avenue
Milwaukee, WI 53202

*Plaintiffs' Counsel in Cohen*

DATED: March 1, 2007.    LEWIS BRISBOIS BISGAARD & SMITH

By: _____/s/_____
R. Gaylord Smith, Esquire
Lewis Brisbois Bisgaard & Smith
550 West C Street, Suite 800
San Diego, CA 92101

Randy Hart, Esquire
200 Public Square
Suite 3300
Cleveland, OH 44113

Eric Kennedy, Esquire
Weisman, Kennedy & Berris Co., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115
Mark Griffin, Esquire
Law Offices of Mark Griffin
175 Honeybelle Oval
Orange, OH 44022

Richard F. Scruggs, Esquire
Scruggs Law Firm
120A Courthouse Square
P.O. Box 1136
Oxford, MS 38655

*Plaintiffs' Counsel in Gurrola*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798<br><br>Judge Ricardo M. Urbina<br><br>Docket No. 1:07-mc-00014-RMU |

### [PROPOSED] CASE MANAGEMENT ORDER NO. 2

**WHEREAS**, on December 28, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 that, *inter alia*, transferred an action pending in the Central District of California, *Oscar Gurrola, et al. v. United States, et al.*, Docket No. 2:06-3425 ("*Gurrola*") and an action pending in the Eastern District of Wisconsin, *Neiland Cohen v. United States*, Docket No. 2:05-1237 ("*Cohen*") to this Court for coordinated or consolidated pretrial proceedings with *Sloan, et. al. v. United States*, Docket No. 1:06-cv-483 ("*Sloan*"); and

**WHEREAS**, in an effort to effectively organize Plaintiffs' Counsel and move this litigation forward, the Plaintiffs' Executive Committee in the *Sloan* case, Plaintiffs' Counsel in the *Cohen* case, and Plaintiffs' Counsel in the *Gurrola* case have agreed and stipulated to the case management structure set forth below,

IT IS, this _____ day of _____ 2007, ORDERED:

I.    ORGANIZATION OF COUNSEL.

The Plaintiffs' Counsel in the *Sloan*, *Gurrola*, and *Cohen* cases will create three (3) case-management bodies – the Counsel Committee; the Plaintiffs' Executive Committee; and Plaintiffs' Liaison Counsel – as follows:

   A.    The Counsel Committee shall consist of the following law firms:

   CHIMICLES & TIKELLIS LLP
   One Haverford Centre
   361 West Lancaster Avenue
   Haverford, PA 19041

   COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
   1100 New York Avenue, N.W.
   Suite 500, West Tower
   Washington, D.C. 20005

   CUNEO GILBERT & LADUCA, LLP
   507 C Street, NE
   Washington, DC 20002

   FOLEY & LARDNER LLP
   777 East Wisconsin Avenue
   Milwaukee, WI 53202-5306

   LAW OFFICES OF MARK GRIFFIN
   175 Honeybelle Oval
   Orange, OH 44022

   LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
   2001 L Street, NW, Suite 900
   Washington, D.C. 20036

   LEWIS BRISBOIS BISGAARD & SMITH
   550 West C. Street, 8th Floor
   San Diego, CA 92101

   MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
   300 Delaware Avenue, Suite 750
   Wilmington, DE 19801

PROFESSOR CHARLES TIEFER
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

RANDY J. HART, ESQUIRE
200 Public Square
Suite 3300
Cleveland, OH 44113

SCRUGGS LAW FIRM
P.O. Box 1136
120A Courthouse Square
Oxford, MS 38655

TODD & WELD LLP
28 State Street
Boston, MA 02109

WEISMAN, KENNEDY & BERRIS CO., L.P.A.
1600 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016

B. The Plaintiffs' Executive Committee shall consist of the following law firms:

CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002

FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

3

        LEWIS BRISBOIS BISGAARD & SMITH
        550 West C. Street, 8th Floor
        San Diego, CA 92101

        LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
        2001 L Street, NW, Suite 900
        Washington, D.C. 20036

        SCRUGGS LAW FIRM
        P.O. Box 1136
        120A Courthouse Square
        Oxford, MS 38655

   C.     The Plaintiffs' Liaison Counsel shall be:

        CUNEO GILBERT & LADUCA, LLP
        507 C Street, NE
        Washington, DC 20002

## II. RESPONSIBILITIES AND AUTHORITY OF PLAINTIFFS' LIAISON COUNSEL, EXECUTIVE COMMITTEE, AND COUNSEL COMMITTEE.

   A.     Responsibilities and authority of the Counsel Committee.

       1.     Monitor all aspects of the litigation; and

       2.     Bring matters of concern to the attention of the Executive Committee and, if necessary, the Court.

   B.     Responsibilities and authority of the Plaintiffs' Executive Committee.

       1.     Plaintiffs' Executive Committee shall:

          a. Determine the overall strategy for the Plaintiffs' side of the case;

          b. Approve all proposed filings (except that any member of the Counsel Committee may file a motion seeking modification of this Order);

    c. Assign billable work in connection with the case other than client contacts and reports;

    d. Delegate assignments to and supervise the work performed by any committees formed by the Executive Committee for the purposes of handling discovery, briefing, fact development, or any other specific tasks;

    e. Arrange for the argument of motions, where called for by the court;

    f. Oversee preparation of, and approve, a comprehensive consolidated statement of pending motions and briefs, with a view to minimizing the burden on the Court in considering and deciding such motions;

    g. Undertake all settlement negotiations, stipulations, and other contacts with opposing counsel that involve binding any of the parties;

    h. Attend all conferences and hearings held by the Court; and

    i. Oversee all other aspects of the litigation.

2. The Executive Committee shall determine, in the event that separate subclasses are certified by the Court, whether such subclasses should have separate lead counsel for trial or other purposes.

3. The Executive Committee will proceed by consensus and, in the absence of consensus, by majority vote.

4. The Executive Committee will take action only at meetings (including telephonic meetings) held upon reasonable notice (which shall not be less than two business days unless an urgent matter requires shorter notice) to

all members of the Executive Committee, in which all members will have a meaningful opportunity to participate.

5. Any member of the Executive Committee may by written notice to Liaison Counsel designate another attorney from the firm(s) in his or her group to participate in an Executive Committee meeting in the absence of the designating attorney.

C. Responsibilities and authority of the Plaintiffs' Liaison Counsel.

1. Plaintiffs' Liaison Counsel shall serve as Chair of the Executive Committee and, as such, may participate in all meetings and discussions of the Executive Committee but shall vote only to make a tie (in which case the motion under consideration shall be defeated) or to break a tie resulting from the votes of the other members of the Executive Committee.

2. Plaintiffs' Liaison Counsel will have those responsibilities specified in ¶ 19 of the Court's Practice and Procedure Order, and such other responsibilities as the Court may assign, or that the Executive Committee may specify.

## III. APPLICATION OF THIS ORDER TO TRANSFERRED OR SUBSEQUENTLY FILED CASES.

This Order shall apply to each civil action which arises out of the same or similar facts as those in *In re Long-Distance Telephone Service Federal Excise Tax Litigation*, MDL-1798, and that may subsequently be filed in or transferred to this Court, including *Anthony Belloni, et al. v.*

*Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*"), which was conditionally transferred to these MDL proceedings by the JPML on January 16, 2007.[1] The plaintiffs' counsel in any case that may be subsequently be filed in (or transferred to) these MDL proceedings, including the plaintiffs' counsel in *Belloni* (if that case is not remanded by the JPML), shall be added to the Plaintiffs' Counsel Committee established by this Order, but shall not be added to the Plaintiffs' Executive Committee or Liaison Counsel. Any discovery already taken by Plaintiffs Counsel in the MDL-1798 proceedings shall be available and useable by Plaintiffs' Counsel in any case that may be subsequently filed in or transferred to these MDL proceedings.

SO ORDERED this _____ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE
Honorable Ricardo M. Urbina

---

[1] Plaintiffs' Counsel in the *Sloan* case and in the *Belloni* case have both filed objections to the JPML's order transferring the *Belloni* case for coordinated or consolidated pretrial proceedings in this Court. On February 14, 2007, the JPML informed the parties that it would resolve the objections without oral argument.

AGREED TO:

/s/
Nicholas E. Chimicles
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
*On behalf of the Sloan Plaintiffs*

/s/
Michael Bowen
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
*On behalf of the Cohen Plaintiffs*

/s/
R. Gaylord Smith
LEWIS BRISBOIS BISGAARD & SMITH
550 West C. Street, 8th Floor
San Diego, CA 92101
*On behalf of the Gurrola Plaintiffs*