IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798<br><br>Judge Ricardo M. Urbina<br><br>Docket No. 1:07-mc-00014-RMU<br><br>**ALL CASES** |

## MOTION IN SUPPORT OF ENTRY OF
## [PROPOSED] CASE MANAGEMENT ORDER NO. 3

Plaintiffs' Counsel in *Sloan v. United States*, *Cohen v. United States*, *Gurrola v. United States*, and *Belloni v. United States* (collectively the "Coordinated Actions") are before the Court for coordinated or consolidated pretrial proceedings, pursuant to an April 19, 2007 order of the Judicial Panel on Multidistrict Litigation. Plaintiffs' Counsel respectfully request that the Court grant the attached Proposed Case Management Order No. 3, jointly submitted on behalf of all Plaintiffs' Counsel in the Coordinated Actions.

Respectfully Submitted,

DATED: May 9, 2007

/s/
Jonathan W. Cuneo (DC Bar # 939389)
Robert Cynkar (DC Bar # 957845)
William H. Anderson (DC Bar # 502380)
Cuneo Gilbert & LaDuca LLP
507 C Street N.E.
Washington, D.C. 20002
(202) 789-3960
(202) 789-1813 facsimile

-2-

DATED: May 9, 2007                                /s/
                                        Michael A. Bowen
                                        Attorney Bar Number: 1016965 (Wis.)
                                        Zhu (Julie) Lee
                                        Attorney Bar Number: 1032454 (Wis.)
                                        Isaac J. Morris
                                        Attorney Bar Number: 1053535 (Wis.)
                                        FOLEY & LARDNER LLP
                                        777 East Wisconsin Avenue
                                        Milwaukee WI 53202-5306
                                        (414) 271-2400
                                        (414) 297-4900 facsimile

                                        Michael D. Leffel (DC Bar # 464721)
                                        FOLEY & LARDNER LLP
                                        150 East Gilman Street
                                        Madison WI 53703-1481
                                        (608) 257-5035
                                        (608) 258-4258 facsimile

DATED: May 9, 2007                                /s/
                                        Nicholas E. Chimicles (*pro hac vice*)
                                        Benjamin F. Johns (*pro hac vice*)
                                        Chimicles & Tikellis LLP
                                        One Haverford Centre
                                        361 West Lancaster Avenue
                                        Haverford PA 19041
                                        (610) 642-8500
                                        (610) 649-3633 facsimile

DATED: May 9, 2007                                /s/
                                        Henry D. Levine (DC Bar # 952770)
                                        Stephen J. Rosen (DC Bar # 441942)
                                        Levine Blaszak Block & Boothby LLP
                                        2001 L Street NW, Suite 900
                                        Washington D.C. 20036
                                        (202) 857-2540
                                        (202) 223-0833 facsimile

DATED: May 9, 2007                                /s/
                                        R. Gaylord Smith
                                        Lewis Brisbois Bisgaard & Smith
                                        550 West C Street, Suite 800
                                        San Diego CA 92101
                                        (619) 699-4975
                                        (619) 233-8627 facsimile

-3-

DATED: May 9, 2007                     _____/s/_____
                                       Sydney A. Backstrom
                                       Richard F. Scruggs
                                       Scruggs Law Firm, PA
                                       120A Courthouse Square
                                       P.O. Box 1136
                                       Oxford MS  38655
                                       (662) 281-1212
                                       (662) 281-1312 facsimile

DATED: May 9, 2007                     _____/s/_____
                                       Kelechi O. Onyeobia
                                       Christopher Neufeld
                                       Law Offices of Kelechi O. Onyeobia, PC
                                       485 Lorimer Street, Suite 205
                                       Brooklyn, NY 11211
                                       (646) 660-1964
                                       (718) 486-3626 facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE: LONG-DISTANCE TELEPHONE SERVICE FEDERAL EXCISE TAX REFUND LITIGATION | MDL No. 1798 <br><br> Judge Ricardo M. Urbina <br><br> Docket No. 1:07-mc-00014-RMU <br><br> **ALL CASES** |

## [PROPOSED] CASE MANAGEMENT ORDER NO. 3

**WHEREAS**, on December 28, 2006, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order pursuant to 28 U.S.C. § 1407 that, *inter alia*, transferred an action pending in the Central District of California, *Oscar Gurrola, et al. v. United States, et al.*, Docket No. 2:06-3425 ("*Gurrola*") and an action pending in the Eastern District of Wisconsin, *Neiland Cohen v. United States*, Docket No. 2:05-1237 ("*Cohen*") to this Court for coordinated or consolidated pretrial proceedings with *Sloan, et. al. v. United States*, Docket No. 1:06-cv-483 ("*Sloan*") (collectively, the *Gurrola*, *Cohen*, and *Sloan* cases shall be referred to herein as the "Related Actions");

**WHEREAS,** on January 16, 2007, the JPML issued a Conditional Transfer Order ("CTO-1") that conditionally transferred *Anthony Belloni, et al. v. Verizon Communications, Inc., et al.*, S.D. New York, C.A. No. 1:06-11459 ("*Belloni*") – a case that, unlike the Related Actions, only asserts claims against various telecommunications carriers, and that does not name the federal government as a defendant – to this Court for coordinated or consolidated pretrial proceedings with the Related Actions;

**WHEREAS,** on March 1, plaintiffs' counsel in the Related Actions submitted [Proposed] Case Management Order No. 2 to this Court (Docket Entry No. 18);

**WHEREAS,** on March 2, this Court entered a Minute Order granting the motion submitted by plaintiffs' counsel in the Related Actions in support of the entry of [Proposed] Case Management Order No. 2, ratified [Proposed] Case Management Order No. 2, and adopted its terms by reference, without prejudice to any objections that might be filed by counsel representing the *Belloni* plaintiffs following a ruling on CTO-1 by the JPML;

**WHEREAS,** on or around April 19, the JPML issued an order that ratified CTO-1, and that transferred the *Belloni* case to this Court to be coordinated or consolidated for pretrial proceedings with the Related Actions;

**WHEREAS,** subsequent to the JPML's order that transferred the *Belloni* case to MDL-1798, Plaintiffs' Counsel in the *Sloan, Cohen, Gurrola,* and *Belloni* cases (collectively, the *Sloan, Cohen, Gurrola,* and *Belloni* cases shall be referred to herein as the "Coordinated Actions") conferred in an effort to effectively organize plaintiffs' counsel in the Coordinated Actions and move this litigation forward, and have agreed and stipulated to the case management structure set forth below;

**WHEREAS,** the motions to dismiss the operative complaints filed in the Related Actions are fully briefed;

**WHEREAS,** plaintiffs' counsel and counsel for the telecommunications carrier defendants in the *Belloni* action are negotiating a mutually acceptable briefing schedule to present to this Court for approval;

**WHEREAS,** the plaintiffs in the Related Actions and the plaintiffs in the *Belloni* action are seeking relief against a different set of defendants, and therefore the extent to which the Coordinated Actions can be coordinated is limited;

**WHEREAS,** it appears that the Coordinated Actions involve potentially related subjects, and that efficiency and the administration of justice would be served by the coordination of these cases as set forth in this Order;

IT IS, this _____ day of _____ 2007, ORDERED:

I.  **COORDINATION GENERALLY.**

The *Belloni* case is hereby coordinated with the Related Actions for certain pretrial purposes as described below, and as may be provided by further amendment(s) to this Order.

II. **RESOLUTION OF THE MOTIONS TO DISMISS DIRECTED TO THE OPERATIVE COMPLAINTS IN THE RELATED ACTIONS NEED NOT AWAIT THE RESOLUTION OF THE MOTION(S) TO DISMISS THE OPERATIVE COMPLAINT IN THE *BELLONI* CASE.**

The resolution of the fully-briefed motions to dismiss directed to the operative complaints filed in the Related Actions need not await the resolution of (and, subject to the sound discretion of this Court, may be decided separately from) any motion(s) that may be directed to the operative complaint in the *Belloni* case.

III. **COORDINATION OF ALL WRITTEN AND DEPOSITION DISCOVERY.**

A.  To the extent that discovery can be coordinated, counsel for the plaintiffs in the Related Actions and counsel for the plaintiffs in the *Belloni* case will coordinate on written discovery, including discovery relating to class certification issues, directed to the Government and to non-Government defendants. "Coordination" will include advising involved counsel of contemplated discovery before it is served and taking all reasonable steps to minimize the risk of duplicative discovery, including but not limited to the use of joint discovery requests directed to the Government, but shall not imply any role for

counsel in the Related Cases in formulating or refining discovery requests directed by counsel in the *Belloni* case to non-Government defendants, or vice-versa.

   B. To the extent possible, counsel for the plaintiffs in the Related Actions will coordinate with counsel for plaintiffs in the *Belloni* case on deposition discovery, including depositions relating to class certification issues, sought from the Government and from non-Government defendants. To the extent reasonably practicable, no witness produced by the Government or by non-Government defendants, and no third-party witness, will be subjected to multiple depositions; rather, plaintiffs' counsel in the Related Actions and plaintiffs' counsel in the *Belloni* action will notice depositions at such time and place as will permit all plaintiffs' counsel in the Coordinated Actions to attend and, to the extent they deem appropriate, undertake non-redundant examination of the deponent. Any deposition notice or subpoena served by counsel for any plaintiff or plaintiffs in any of the Coordinated Actions shall be served on all plaintiffs' counsel in the Coordinated Actions.

## IV. ORGANIZATION OF COUNSEL.

The plaintiffs' counsel in the Coordinated Actions will stipulate to creation of three (3) case-management bodies – the Counsel Committee; the Plaintiffs' Executive Committee; and Plaintiffs' Liaison Counsel – as follows:

   A. The Counsel Committee shall consist of the following law firms:

> CHIMICLES & TIKELLIS LLP
> One Haverford Centre
> 361 West Lancaster Avenue
> Haverford, PA 19041
>
> COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
> 1100 New York Avenue, N.W.
> Suite 500, West Tower
> Washington, D.C. 20005

CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002

FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306

LAW OFFICES OF KELECHI O. ONYEOBIA, P.C.
485 Lorimer Street, Suite 205
Brooklyn, NY 11211

LAW OFFICES OF MARK GRIFFIN
175 Honeybelle Oval
Orange, OH 44022

LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
2001 L Street, NW, Suite 900
Washington, D.C. 20036

LEWIS BRISBOIS BISGAARD & SMITH
550 West C. Street, 8th Floor
San Diego, CA 92101

MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801

PROFESSOR CHARLES TIEFER
University of Baltimore
3904 Woodbine Street
Chevy Chase, MD 20815

RANDY J. HART, ESQUIRE
200 Public Square
Suite 3300
Cleveland, OH 44113

SCRUGGS LAW FIRM
P.O. Box 1136
120A Courthouse Square
Oxford, MS 38655

TODD & WELD LLP
28 State Street
Boston, MA 02109

        WEISMAN, KENNEDY & BERRIS CO., L.P.A.
        1600 Midland Building
        101 Prospect Avenue, West
        Cleveland, OH 44115

        WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
        270 Madison Avenue
        New York, NY 10016

    B.    The Plaintiffs' Executive Committee shall consist of the following law firms:

        CHIMICLES & TIKELLIS LLP
        One Haverford Centre
        361 West Lancaster Avenue
        Haverford, PA 19041

        CUNEO GILBERT & LADUCA, LLP
        507 C Street, NE
        Washington, DC 20002

        FOLEY & LARDNER LLP
        777 East Wisconsin Avenue
        Milwaukee, WI 53202-5306

        LEWIS BRISBOIS BISGAARD & SMITH
        550 West C. Street, 8th Floor
        San Diego, CA 92101

        LEVINE, BLASZAK, BLOCK AND BOOTHBY, LLC
        2001 L Street, NW, Suite 900
        Washington, D.C. 20036

        SCRUGGS LAW FIRM
        P.O. Box 1136
        120A Courthouse Square
        Oxford, MS 38655

    C.    The Plaintiffs' Liaison Counsel shall be:

        CUNEO GILBERT & LADUCA, LLP
        507 C Street, NE
        Washington, DC 20002

V. **RESPONSIBILITIES AND AUTHORITY OF PLAINTIFFS' LIAISON COUNSEL, EXECUTIVE COMMITTEE, AND COUNSEL COMMITTEE.**

    A.     Responsibilities and authority of the Counsel Committee.

        1.     Monitor all aspects of the litigation; and

        2.     Bring matters of concern to the attention of the Executive Committee and, if necessary, to the attention of the Court.

    B.     Responsibilities and authority of the Plaintiffs' Executive Committee.

        1.     Plaintiffs' Executive Committee shall:

            a. Determine the overall strategy for the Plaintiffs' side of the Related Actions;

            b. Approve all proposed filings (except that any member of the Counsel Committee may file a motion seeking modification of this Order);

            c. Assign billable work in connection with the Related Actions other than client contacts and reports;

            d. Delegate assignments to and supervise the work performed by any committees formed by the Executive Committee for the purposes of handling discovery, briefing, or any other specific tasks, and coordinate with Counsel for the *Belloni* action where appropriate;

            e. Arrange for argument of motions, where called for by the Court;

    f.   Oversee preparation of, and approve, a comprehensive consolidated statement of pending motions and briefs, with a view to minimizing the burden on the Court in considering and deciding such motions;

    g.   Undertake all settlement negotiations, stipulations, and other contacts with opposing counsel that involve binding any of the parties;

    h.   Attend all conferences and hearings held by the Court; and

    i.   Oversee all other aspects of the Related Actions.

2.   The Executive Committee shall determine, in the event that separate subclasses are certified by the Court, whether such subclasses should have separate lead counsel for trial or other purposes.

3.   The Executive Committee will proceed by consensus and, in the absence of consensus, by majority vote.

4.   The Executive Committee will take action only at meetings (including telephonic meetings) held upon reasonable notice (two business days unless an urgent matter requires shorter notice) to all members of the Executive Committee, in which all members have a meaningful opportunity to participate.

5.   Any member of the Executive Committee may by written notice to Liaison Counsel designate another attorney from the firm(s) in his or her group to participate in an Executive Committee meeting in the absence of the designating attorney.

  C. Responsibilities and authority of the Plaintiffs' Liaison Counsel.

    1. Plaintiffs' Liaison Counsel shall serve as Chair of the Executive Committee and, as such, may participate in all meetings and discussions of the Executive Committee but shall vote only to make a tie (in which case the motion under consideration shall be defeated) or to break a tie resulting from the votes of the other members of the Executive Committee.

    2. Plaintiffs' Liaison Counsel will have those responsibilities specified in ¶ 19 of the Court's Practice and Procedure Order, and such other responsibilities as the Court may assign, or that the Executive Committee may specify.

    3. Plaintiffs' Liaison Counsel shall serve as a liaison between counsel for the parties in the *Belloni* case, and counsel for the parties in the Related Actions.

**VI. APPLICATION OF THIS ORDER TO TRANSFERRED AND/OR SUBSEQUENTLY FILED CASES.**

This Order shall apply to each civil action which arises out of the same or similar facts as those in *In re Long-Distance Telephone Service Federal Excise Tax Litigation*, MDL-1798, and that may subsequently be filed in or transferred to this Court. Any discovery already taken by plaintiffs' counsel in the Coordinated Actions shall be available and useable by plaintiffs' counsel in any case that may be subsequently filed in or transferred to these MDL proceedings.

/
/
/

SO ORDERED this _____ day of _____, 2007

_____
Hon. Ricardo M. Urbina
United States District Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of May, 2007, I caused to be served this Motion in Support of Entry of [Proposed] Case Management Order No. 3 and [Proposed] Case Management Order No. 3 through the Court's ECF system, upon all attorneys registered with that system.

                                                                   /s/\
                                                  William H. Anderson