**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| IN RE LONG-DISTANCE TELEPHONE | : | Miscellaneous Action No.: | 07-014 (RMU) |
| SERVICE FEDERAL EXCISE TAX | : | | |
| REFUND LITIGATION | : | Re Document No.: | 74 |

<u>MEMORANDUM OPINION</u>

GRANTING THE DEFENDANT'S MOTION FOR DETERMINATION OF MANDATE'S SCOPE;
REMANDING TO THE INTERNAL REVENUE SERVICE AND
PROSPECTIVELY VACATING NOTICE 2006-50

## I. INTRODUCTION

The plaintiffs challenge the adequacy of a tax refund process instituted by the Internal Revenue Service ("IRS" or "the defendant"). The court previously dismissed the plaintiffs' Administrative Procedure Act ("APA") claim, but the Circuit remanded, instructing this court to consider the merits of the plaintiffs' APA claim in accordance with the Circuit's opinion. The matter is now before the court on the defendant's motion to determine the effect of the Circuit's opinion on the plaintiffs' APA claim.[1]

The parties agree that the Circuit's opinion may suggest that the defendant violated the APA by failing to comply with the required notice-and-comment procedures. The parties further agree that if that is the case, then the only remaining issue for this court to decide is the appropriate remedy. As discussed below, the court determines that the Circuit's opinion, in conjunction with the parties' representations, indicate that a procedural APA violation occurred. Furthermore, the court concludes that a prospective vacatur is an appropriate remedy.

---

[1] The parties agree that the plaintiffs' non-APA claims are no longer viable at this juncture. Def.'s Reply at 1; Pls.' Opp'n at 1.

## II.  BACKGROUND

For decades, the IRS has collected a 3% excise tax on all long-distance communications. *Cohen v. United States*, 650 F.3d 717, 719-20 (D.C. Cir. 2011).  With technological advancements, the IRS was unable to base the tax on distance and therefore began to base the tax solely on the duration of a call.  *Id*. at 720.  Litigation ensued, challenging the legality of the tax based solely on the duration of a call.  *Id*.  Eventually, five circuits held that the tax was illegal, and the IRS thus discontinued the excise tax based solely on transmission time.  *Id*.

The IRS provided notice of a one-time exclusive mechanism for taxpayers to obtain a refund for those excise taxes erroneously collected between February 2003 and August 2006 ("Notice 2006-50").  *Id*.  Notice 2006-50 required that individual taxpayers request this refund on their 2006 federal income tax returns.  *Id*. at 721.

Various lawsuits arose challenging the adequacy of the refund process.  *Id*.  The Judicial Panel on Multidistrict Litigation transferred two of those cases, *Cohen v. United States*, Civ. No. 05-1237 (E.D. Wis. 2005) and *Gurrola v. United States*, Civ. No. 06-3425 (C.D. Cal. 2006), to this court, where they were consolidated with *Sloan v. United States*, Civ. No. 06-483 (D.D.C. 2006).  *Id*.  Put succinctly, the plaintiffs allege that Notice 2006-50 is substantively flawed because it undercompensates many taxpayers for the actual excise taxes paid, and that it is procedurally flawed because the IRS did not comply with the APA's notice-and-comment procedures.  *Id*.

This court previously dismissed the case after concluding that the plaintiffs had failed to exhaust their administrative remedies for their refund claims and failed to state valid claims under federal law.  *Id*.  In so holding, the court determined that the Notice was an "internal

policy" that did not adversely affect the plaintiffs' rights, and that therefore the agency action was unreviewable.  *Id*.  The plaintiffs appealed, and a divided Circuit panel reversed, holding that the Notice constituted a final agency action reviewable under the APA and that the court maintained proper jurisdiction.  *Id*. at 722.  The IRS petitioned for en banc review.  *Id*.  The Circuit "granted rehearing en banc only to determine whether [it had] the authority to hear the case."  *Id*. at 719.

The Circuit held that it had authority to hear the case.  *Id*. at 736.  As a threshold matter, the Circuit determined that the government had waived its sovereign immunity.  *Id.* at 723.  The Circuit further decided that other limitations to judicial review, namely, the Anti-Injunction Act and the Declaratory Judgment Act, did not apply to the plaintiffs' APA claims.  *Id.* at 724-25.  More specifically, the Circuit ruled that the plaintiffs were not required to exhaust their administrative remedies to pursue their claims because they were challenging the adequacy of the agency procedure itself.  *Id.* at 726.  Accordingly, the Circuit reversed this court's dismissal and remanded the case, instructing this court "to consider the merits of [the plaintiffs'] APA claim, in accordance with the opinion of [the Circuit]."  *Id*. at 736.

Upon remand, the defendant filed a motion asking this court to decide the effect of the Circuit's mandate on the plaintiffs' remaining APA claims.  *See generally* Def.'s Mot.  The plaintiffs have filed a response, clarifying those areas in which they are in agreement and disagreement with the defendant.  *See generally* Pls.' Response.  With the defendant's motion now ripe for the court's consideration, the court turns to the parties' positions and the applicable legal standards.

### III.  ANALYSIS

#### A.  Procedural APA Violation

The defendant asks that the court clarify "whether the [Circuit] has already decided [the] plaintiffs' procedural APA claim in [the plaintiffs'] favor," noting that "[t]he mandate is unclear on this point."  Def.'s Mot. at 1, 6.  If indeed "a procedural APA violation is now [the] law of the case," the defendants conclude, "then the question is the proper remedy and its effect on further proceedings."  *Id.* at 7.  The plaintiffs, for their part, assert that the "only reasonable interpretation" of the Circuit's decision is that the defendant violated the APA's notice-and-comment requirements.  Pls.' Response at 5-6 (emphasis omitted).  As such, the plaintiffs maintain that "the primary issue now before this [c]ourt is the determination of the appropriate remedy for this APA violation."  *Id.* at 6.

In its decision, the *en banc* Circuit panel explained that it had "no occasion to visit the merits of [the plaintiffs'] claims," instead limiting its review "to determine whether [the courts] have authority to hear the case."  *Cohen v. United States*, 650 F.3d 717, 719 (D.C. Cir. 2011).  Indeed, the Circuit's mandate directs this court to now "consider the merits of [the plaintiffs'] APA claim."  Mandate (Dec. 9, 2011).  Nevertheless, the parties urge the court to consider whether the Circuit, in deciding the jurisdictional issues, may have determined that the defendant indeed committed a procedural APA violation.  The court thus turns to consider that decision, but first pauses to describe the legal standards guiding a court's determination that an APA procedural violation has occurred due to the absence of notice-and-comment rulemaking.

The APA's notice-and-comment requirements "serve the salutary purposes of '(1) ensuring that agency regulations are tested via exposure to diverse public comment, (2) ensuring fairness to affected parties, and (3) giving affected parties an opportunity to develop evidence in

the record to support their objections to the rule and thereby enhance the quality of judicial review.'" *AFL-CIO v. Chao*, 496 F. Supp. 2d 76, 91 (D.D.C. 2007) (citing *Int'l Union, United Mine Workers of Am. v. Mine Safety and Health Admin.*, 407 F.3d 1250, 1259 (D.C. Cir. 2005)) (internal alterations omitted)).  If an agency issues a binding pronouncement, the agency "must observe the APA's legislative rulemaking procedures," including notice-and-comment requirements.  *General Electric Co. v. Envt'l Prot. Agency*, 290 F.3d 377, 382-383 (D.C. Cir. 2002); *cf. Cement Kiln Recycling Coalition v. Envt'l Prot. Agency*, 493 F.3d 207 n.14 (D.C. Cir. 2007) (noting that an agency may be exempt from notice-and-comment requirements if the pronouncement qualifies as a mere "policy statement," *i.e.*, a non-binding discretionary agency pronouncement that does not impose any rights and obligations).

An agency may nevertheless be excused from notice-and-comment procedures for "good cause." *AFL-CIO v. Chao*, 496 F. Supp. 2d at 89 ("The APA puts the agency to a simple either/or choice: either notice-and-comment procedures or the good-cause exception.").  An agency invoking the "good cause" exception "must support [its claim] with something more than bald assertions that [it does] not believe comments would be useful." *Id.*

In addition, the court must determine whether the agency's failure to engage in notice-and-comment rulemaking constitutes harmless error.  *Id.* at 88 ("The D.C. Circuit has repeatedly conducted some form of harmless-error analysis where it has determined that an agency failed to comply with the APA's notice-and-comment requirement.").  "[A]n utter failure to comply with notice and comment," according to the Circuit, "cannot be considered harmless if there is any uncertainty at all as to the effect of that failure." *Id.* at 89 (quoting *Sugar Cane Growers Co-Op. v. Veneman*, 289 F.3d 89, 96 (D.C. Cir. 2002)).  With these legal principles in mind, the court now turns to the Circuit's opinion.

As noted earlier, *see supra* Part II, the Circuit determined that the government waived its sovereign immunity under the APA. *Cohen*, 650 F.3d at 723. As the Circuit noted, 5 U.S.C. § 702 provides a waiver of sovereign immunity only for actions "stating a claim that an agency . . . acted or failed to act." *Id.* The defendant had argued to the Circuit that such a waiver was not applicable because the plaintiffs were challenging actions "committed to agency discretion." *Id.* The Circuit rejected that argument, however, holding that "Notice 2006-50 binds the IRS." *Id.* Because the Notice was binding, the Circuit concluded that the government had waived its sovereign immunity with respect to the plaintiffs' suit. *Id.* Thus, at this juncture, this court is required to treat Notice 2006-50 as binding on the IRS. *See Sherley v. Sebelius*, 776 F. Supp. 2d 1, 15 (D.D.C. 2011) (explaining that the hierarchy court system requires that "a lower court on remand be bound by the law of the case established on appeal" (internal citations omitted)). The binding nature of Notice 2006-50 is, of course, critical in analyzing whether the defendant was required to abide by the APA's notice-and-comment rulemaking.

Simply stated, because Notice 2006-50 is binding, *Cohen*, 650 F.3d at 723, the defendant was required to abide by the APA's notice-and-comment requirements, *see General Electric Co.*, 290 F.3d at 382-383, or to, alternatively, provide good-cause for not doing so, *AFL-CIO v. Chao*, 496 F. Supp. 2d at 89. The defendant, however, concedes that it did not promulgate Notice 2006-50 through notice-and-comment rulemaking. *See* Def.'s Mot. at 7. Moreover, it has not invoked any good-cause exception to notice-and-comment rulemaking despite recognizing that the APA allows for such an exception. Def.'s Reply at 8. Finally, the defendant's "utter failure to comply with notice and comment" cannot be considered harmless error since there is "uncertainty . . . as to the effect of that failure." *AFL-CIO*, 496 F. Supp. 2d at 89. There is no way for the court to know what effect a notice-and-comment process would have had on the

issuance of Notice 2006-50.  Accordingly, the court concludes that the defendant violated the

procedural requirements of the APA.  *See General Electric Co.*, 290 F.3d at 384 (determining

that an agency violated the APA by issuing a binding agency pronouncement without first

complying with the notice-and-comment requirements).

### B.  Appropriate Remedy

The defendant argues that if the court determines that a procedural APA violation has

occurred, the court should remand the matter to the IRS and possibly (although not necessarily)

prospectively vacate Notice 2006-50.  Def.'s Mot. at 7.  The defendant maintains "Notice 2006-

50 should not be vacated retroactively," because "over 100 million taxpayers have now obtained

payment under Notice 2006-50, and casting doubt on the validity of those payments would be an

invitation to chaos."  *Id.* at 8 (internal quotations omitted).  Finally, the defendant urges the court

to "reject any request by [the] plaintiffs for a detailed order specifying particular actions to be

taken by the IRS upon remand," and instead asks that the court provide "only a simple remand to

the IRS for 'further proceedings consistent with this Order.'"  *Id.*

The plaintiffs urge the court to exercise its discretion and prospectively vacate Notice

2006-50.  Pls.' Response at 6.  Although the plaintiffs agree that retroactive vacatur is not

suitable under the circumstances, it maintains that a prospective vacatur is an appropriate remedy

"given the seriousness of the conceded APA violations by the [defendant]."  *Id.* at 6-7.  In

addition to a prospective vacatur, the plaintiffs seek to have the matter "remanded [to the IRS]

for proper notice and comment proceedings (subject to appropriate oversight) to ensure that

appropriate steps are taken," so that taxpayers eventually receive a proper refund.  *Id.* at 8.

Specifically, the plaintiffs ask the court to provide the IRS with "clear instructions" as to "how to proceed," and order the IRS to "work promptly on remand" and to "specifically address how it proposes to return the remaining un-refunded [tax] to taxpayers without further delay." *Id.* at 11. The plaintiffs contend that "[g]iven the failure of the I.R.S. to craft an adequate or fair remedy to date, Plaintiffs' counsel should be involved in the process to ensure that the rights of the proposed class members are protected." *Id.* at 13. They warn that without such oversight, the IRS may promulgate yet another notice (after engaging in notice-and-comment) containing the same substantive flaws as Notice 2006-50. *Id.*

When notice-and-comment is absent, the Circuit has regularly opted for vacatur. *Sprint Corp. v. Fed. Commc'n Comm'n*, 315 F.3d 369 (D.C. Cir. 2003) (noting that the Circuit has "opted for vacatur recently with some regularity" when notice-and-comment is absent). That said, "vacatur is not the *required* remedy." *AFL-CIO*, 496 F. Supp. 2d at 91 (emphasis added). Instead, "the decision whether to vacate depends on [(1)]the 'seriousness' of the [Notice's] deficiencies" as well as (2) "the disruptive consequences of an interim change that may itself be changed." *Sugar Cane Growers Co-op. of Florida v. Veneman*, 289 F.3d 89, 98 (D.C. Cir. 2002).

The court agrees with the plaintiffs that the defendant's "failure to comply with the APA's notice-and-comment requirements is unquestionably a 'serious' deficiency." *AFL-CIO v. Chao*, 496 F. Supp. 2d 76, 91 (D.D.C. 2007). Indeed, the Circuit has noted that an agency's "[f]ailure to provide the required notice and to invite public comment . . . is a fundamental flaw that normally requires vacatur of the rule." *Heartland Reg'l Med. Ctr. v. Sebelius*, 566 F.3d 193, 199 (D.C. Cir. 2009)). Thus, this factor weighs in favor of vacating Notice 2006-50.

The second factor to consider, the likelihood of a disruption due to a vacatur, weighs against granting a retroactive vacatur.  As the parties have explained, granting a retroactive vacatur would call into question the tax refunds already processed for the "over 100 million taypayers [who] have now obtained payment under Notice 2006-50."  Def.'s Mot. at 8; Pls.' Response at 8.  The court therefore agrees that casting doubt on those payments would be an "invitation to chaos" and therefore that a retroactive vacatur would be inappropriate under the circumstances.  *Sugar Cane Growers*, 289 F.3d at 97 (ordering the district court to remand to the agency for further proceeding without vacatur because "the egg has been scrambled and there is no apparent way to restore the status quo ante").

With respect to the possibility of a prospective vacatur of Notice 2006-50, the defendant asks that the court "take into consideration that the IRS continues to receive, each week, a significant number of requests for payment under Notice 2006-50."  Def.'s Mot. at 8.  The defendant, however, does not argue that the constant flow of requests for refunds under Notice 2006-50 should factor against allowing prospective vacatur.  *See generally* Def.'s Mot.; Pls.' Response.  Indeed, the defendant seems to recognize that a prospective vacatur would be a proper remedy for the defendant's procedural APA violation.  Def.'s Reply at 2 ("The United States contends that a simple remand to the IRS is in order, including, at most, prospective vacatur of the Notice.").  Accordingly, the court orders that Notice 2006-50 be prospectively vacated for failure to comply with the APA's procedural requirements.

Finally, the court turns to consider the plaintiffs' request for a court order that (1) includes "clear instructions" for the defendant as to "how to proceed," (2) requires the IRS to "work promptly on remand," and (3) requires the IRS to "specifically address how it proposes to return the remaining un-refunded [tax] to taxpayers without further delay."  Pls.' Response at 11-

13.  Although the plaintiffs' frustration and desire for a fair and efficient refund process is

understandable, under the APA, this court cannot order the IRS to act unless the law

unequivocally requires such action.  *Sierra Club v. Thomas*, 828 F.2d 783, 793 (D.C. Cir. 1987).

As the Supreme Court has explained,

> [T]he only agency action that can be compelled under the APA is action legally
> required. . . . The limitation to required agency action rules out judicial direction
> of even discrete agency action that is not demanded by law (which includes, of
> course, agency regulations that have the force of law).  Thus, when an agency is
> compelled by law to act within a certain time period, but the manner of its action
> is left to the agency's discretion, a court can compel the agency to act, but has no
> power to specify what the action must be.

*Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (U.S. 2004).

The plaintiffs' additional requested instructions are beyond the purview of the court in an

APA action.  The plaintiff has pointed to no statute or regulation that requires the IRS to execute

this refund program.  *See generally* Pls.' Response.  Indeed, the Circuit's opinion recognized that

even if the plaintiffs were to succeed in this APA action and Notice 2006-50 was vacated, the

plaintiffs would then have to "succeed in substituting a more 'effective' (and perhaps more

fruitful) refund mechanism in its stead."  *Cohen*, 650 F.3d at 732 n.12.  Because the plaintiffs

have not pointed the court to a law which would require the defendant to institute the tax refund

process at issue, much less to do so by a certain date, the court cannot remand with specific

instructions of the type requested by the plaintiff.[2]  *Long Term Care Pharm. Alliance v. Leavitt*,

530 F. Supp. 2d 173, 185-87 (D.D.C. 2008) ("[A] litigant 'cannot seek wholesale improvement

of [a] program by court decree, rather than in the offices of the Department or the halls of

Congress, where programmatic improvements are normally made.  Under the terms of the APA,

the litigant must direct its attack against some particular agency action that causes it harm."

(quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 879, 890 (1990) (internal alterations

omitted))).

---

[2]  The plaintiffs further request – in the event that the court declines to provide additional oversight upon remand – to advance with this litigation and be allowed to present their substantive challenge to Notice 2006-50.  Pls.' Response at 13-14.  The court will not do so.  Once the court vacates Notice 2006-50, it will no longer have any legal effect.  *AFL-CIO*, 496 F. Supp. 2d at 85-86 (noting that a vacated agency rule is "deprived of force").  Yet the plaintiffs insist that judicial review is necessary because the IRS might issue a similar notice to Notice 2006-50 sometime in the future.  Because the plaintiffs essentially ask this court to review an agency action that will no longer be in existence (Notice 2006-50) and because any future agency action is hypothetical at this point, the court does not deem it appropriate to entertain the plaintiffs' substantive claims under the APA and declines to do so.  *Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798 (D.C. Cir. 2006) (explaining that an agency action is final and reviewable under the APA if the action is not "of a merely tentative or interlocutory nature" and "one by which rights or obligations have been determined or from which legal consequences flow" (internal quotations and citation omitted)); *see also Fertilizer Inst. v. Envt'l Prot. Agency*, 935 F.2d 1303, 1310 (D.C. Cir. 1991) (not reaching the appellants' substantive APA claim because the Circuit had already determined that a notice-and-comment violation occurred); *AFL-CIO v. Donovan*, 757 F.2d 330, 338 (D.C. Cir. 1985) ("If there was inadequate notice, this specific regulation must fall on procedural grounds, and the substantive validity of the change accordingly need not be examined."); *Nat'l Resources Defense Council v. Envt'l Prot. Agency*, 676 F. Supp. 2d 307, 317 (S.D.N.Y. 2009) ("Since this Opinion concludes that remand with vacatur is the proper remedy for the [agency's] procedural errors, it is unnecessary to reach the cross-motions for summary judgment on the plaintiffs' allegations of the EPA's substantive errors.")

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to determine the mandate's scope.  Further, the court prospectively vacates Notice 2006-50 and remands the matter to the IRS.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of April, 2012.


RICARDO M. URBINA
United States District Judge